Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 The present case, in many of its features, is like the preceding. It was an action of debt to recover the amount of two bonds, each for one thousand dollars, with interest at the rate of eight per cent, per annum. They were issued
 
 *276
 
 on the seventeenth clay of June, 1852, under an ordinance of the city to authorize a loan, to be invested in the stock of the plank-road company mentioned in the declaration. Allegations of the declaration were substantially the same as in the preceding case. Corporation defendants appeared and demurred to the declaration and showed for cause, (1) That the mayor and recorder of the city had no power to issue the bonds; (2) That the section of the charter of the city mentioned in the declaration conferred no authority on the city to issue the bonds for the purpose stated; (3) That the purpose for which the bonds were issued as alleged, was not a public purpose.
 

 Parties were heard, and the court sustained the demurrer, and the plaintiff electing to stand upon the declaration, the court rendered judgment for the defendants and the plaintiff removed the cause into this court by writ of error. Both parties agree that the questions presented for decision in this case are the same as in the preceding case and it must be decided in the same way. All of the reasons assigned for the decision in that case are equally applicable in this case, and we have but few additional remarks to make in support of our conclusion. Cases involving the validity of the bonds given by municipal corporations as material aid in the construction of railroads, have frequently been before the court, and whenever they have come up they have uniformly received the at-, tentivo consideration of the court. Defects in the jnoceed-ings of the board of county commissioners were suggested in the case of
 
 Knox County
 
 v.
 
 Aspinwall;
 

 *
 

 but the court held that the board were the proper judges whether or not a majority of the votes in the county had been east in favor of the subscription to the stock, and that where the bonds on their face imported a compliance with the law under which they were issued, the purchaser and holder for value was not bound to look further for evidence of a compliance with the conditions in the grant of power.
 

 Precisely the same rule was applied to cities in the case
 
 *277
 
 of
 
 Bissel
 
 v.
 
 Jeffersonville,
 

 *
 

 where it was again held that it was too late to make such objections as against innocent holders, or even against the railroad, when it appeared that the bonds purporting on their face to have been executed by authority, had been issued and delivered. Yery stringent application of the same rule was made in the case of
 
 Mercer County
 
 v.
 
 Hacket,
 

 †
 

 which is the last of the series to which reference will be made, — all of these cases, proceeding upon the ground that the construction of a railroad for travel and transportation was a public improvement, and that it was competent for the legislature to authorize municipal corporations to furnish material aid for such a work, and we have no doubt that the views of the court were entirely correct. Like the preceding, the present case has respect to a plank-road, but we repeat, that where such an improvement is authorized by the legislature and is connected with the municipality issuing the bonds, the case properly falls within the same rule. It follows that the declaration was sufficient, and that the demurrer should have been overruled.
 

 The judgment of the Circuit Court is therefore reversed, with costs, and the cause remanded for further proceedings, in conformity with the opinion of this court.
 

 JUDGMENT ACCORDINGLY.
 

 *
 

 21 Howard, 539.
 

 *
 

 24 Howard, 299.
 

 †
 

 1 Wallace, 83.