[No. 3336.  Decided February 8, 1900.]

## THE STATE OF WASHINGTON, *Appellant,* v. CHARLES ELLIS *and* JOHN WARD, *Respondents.*

JURY TRIAL—CONSTITUTIONAL RIGHT—WAIVER.

The constitutional provision (art. 1, § 21) that the right of trial by jury shall remain inviolate, is simply intended as a limitation upon the right of the legislature to take away the right of trial by jury, and is not intended to interfere with the right of the individual to waive such privilege.

STATUTES—CONTINUANCE IN FORCE UNDER NEW CONSTITUTION—RE-ENACTMENT.

Art. 27, § 2, of the constitution, which provides that the laws in force at the time of its adoption, which are not repugnant to the constitution, shall remain in force until they expire or are repealed by the legislature, cannot be construed as re-enacting a statute, but merely as continuing in force all valid laws which were then in existence.

CRIMINAL LAW—JURY—NUMBER.

Bal. Code, § 6930, which provides that "except as otherwise specially provided, issues of fact joined upon an indictment or information shall be tried by a jury of twelve persons, and the law relating to the drawing, retaining, and selecting jurors, and trials by juries in civil cases shall apply to criminal cases"; and Bal. Code, § 4978, which provides that in trials of civil actions by jury, the jury shall consist of twelve persons unless the parties consent to a less number, do not confer the right to try a criminal case by a jury of less than twelve persons.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.    Affirmed.

9—22 WASH.

*James Z. Moore,* Prosecuting Attorney, *Miles Poindexter* and *Horace Kimball,* for the State.

*Sullivan, Nuzum & Nuzum,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—Information for robbery was filed against the respondents.    The case went to trial before a jury of twelve men on February 15, 1899, and on February 18, 1899, one of the twelve jurors became ill, and unable to proceed at the trial, or to be present in the court at all. Thereupon a stipulation was entered into to proceed with eleven jurors.    The stipulation was as follows:

" It is hereby stipulated between the state and the defendants and defendants' consent is hereby given that the trial of this case shall proceed with eleven jurors, and the right to a trial by twelve jurors is hereby expressly waived.

James Z. Moore,
Miles Poindexter,
          For the State.
Charles Ellis, John Ward,
Sullivan, Nuzum & Nuzum,
          Defendants' Counsel."

Thereupon the trial of the case proceeded, and in due time a verdict of guilty as charged in the information was rendered and returned by said jury of eleven men against said respondents, and entered in the said court; and thereafter, in due time, the defendants filed a motion to set aside said verdict, and for a new trial of the case, for the reason, among others, that the court had no jurisdiction to proceed with the trial of the case with eleven jurors only, and that a verdict rendered by said jury of eleven was void and of no effect.    The court granted the motion to set aside the verdict and for a new trial, for the reason that the respondents could not waive the constitutional right to a trial by twelve jurors, and, as a consequence,

the verdict returned by eleven jurors was null and void. To this ruling the state excepted, and from it now prosecutes this appeal.

The question for determination here is whether a defendant in a prosecution for felony, not capital, under the constitution and laws of this state, may bind himself by stipulation to submit to a trial by any number of jurors less than twelve. The prosecuting attorney has, with commendable diligence and ability, presented a brief in support of the contention that a defendant can waive the constitutional guaranty of a right to a trial by jury, and has cited many cases supporting such contention. The logic of these cases, to our minds, seems almost irresistible; but they do not, any of them, it seems to us, discuss the material proposition lying at the threshold of this case. Section 21, art. 1, of the constitution is as follows:

" The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto."

The cases cited on both sides generally discuss the question whether the constitutional provision that a right of trial by jury shall remain inviolate is a personal right which can be waived, or whether such an enactment is a limitation, not only upon the legislature but upon the right of the individual to waive such right. It would seem to the writer of this opinion that the first clause of the section, viz., "that the right of trial by jury shall remain inviolate," was simply intended as a limitation of the right of the legislature to take away the right of trial by jury, and that it did not intend to interfere with the right of the individual to waive such privilege. What construction might be placed upon the further provisions

of the same section as indicating the intention of the
members of the constitutional convention is not necessary
to determine here, for the trouble with the case at bar is
that the legislature has not attempted to provide any
method by which the guilt or innocence of a defendant
can be determined other than by a jury; and it must be
conceded that, when the constitution speaks of a right of
trial by jury, it refers to a common law jury of twelve
men.    It is contended by appellant that this procedure
is justified by the sections of the law enacted in 1854,,
which provides that a defendant and prosecuting attor-
ney, with the assent of the court, may submit the trial to
the court, except in capital cases.    Respondents insist that
a law of this character in the territory of Utah has been
pronounced unconstitutional by the supreme court of the
United States, as being in contravention of the 7th amend-
ment of the constitution of the United States (reported in
the case of *Thompson v. Utah,* 170 U. S. 343, 18 Sup. Ct.
620).    But the appellant, in his reply brief, insists that,
inasmuch as this law was upon the statute books at the
time of the adoption of our constitution, under the pro-
vision of art. 27, § 2, of the constitution, which provides
that the laws which are now in force in the territory of
Washington, which are not repugnant to the constitution,
shall remain in force until they expire by their own limi-
tation, or are repealed by the legislature, these laws be-
come incorporated into our laws, and must be considered
as valid, existing constitutional law until it has been de-
clared to be unconstitutional by competent judicial author-
ity; and that, inasmuch as the Utah case was not decided
until after the adoption of our constitution, and the said
similar act in Utah had not been adjudicated to be invalid
until after that time, it must be held to have been the
intention of the constitutional convention to re-enact the
laws of the territory of Washington which were not repug-

nant to our own constitution, and that this law is, in effect, a re-enacted law. But we hardly think this rule of construction is sound. Section 2 of art. 27 could not be construed as re-enacting a statute, as all the force it had was to continue in force all valid laws which were then in existence. But, even if this law were held to be in force, it would not aid the respondents here, for it simply provides that a trial, with the assent of the defendant and the prosecuting attorney, may be submitted to the court; but the trial in this case was not submitted to the court, but to a jury of eleven men. The appellant further contends that, in case his position on that proposition should not be sustained, the legislature has made ample provisions for the trial of a criminal case by a jury of less than twelve men in §§ 6930, 4978, Bal. Code; that, when such sections are construed together, they plainly indicate the right contended for. Section 4978 is in relation to the trials of civil actions by jury, and provides, among other things, that a jury shall consist of twelve persons unless the parties consent to a less number; the parties may consent to any number not less than three, and such consent shall be entered by the clerk upon the minutes of the trial. Section 6930 is as follows:

" Except as otherwise specially provided, issues of fact joined upon an indictment or information shall be tried by a jury of twelve persons, and the law relating to the drawing, retaining, and selecting jurors, and trials by jury in civil cases, shall apply to criminal cases."

It seems to us that the first provision in this section destroys the force of the appellant's contention, for the exception is to cases otherwise specially provided for, and in the first section it is specially provided that in the trial of civil cases parties may consent to any number not less than three.

We do not think it was intended by the legislature to incorporate into this provision an enactment conferring

the right to try a criminal case by a jury of less than twelve persons, so that it seems to us that, conceding the right of the legislature to make provisions for the trial of criminal cases by a tribunal other than the common law tribunal of twelve jurors, no such provision has been made, and to hold the verdict good in this case we would have to go to the extent of holding that by consent the question of facts in a criminal action where the plea of not guilty was entered could be referred by the state and the defendant to a tribunal which has not been specified by law. If they could refer it to a tribunal consisting of eleven men, they might with equal authority refer it to a referee selected by themselves independent of the statute.

The legislature not having made any provision for such a tribunal, and not having provided any method for its action, we do not think the court would be justified in holding that the action of such a tribunal would be valid.

The judgment is affirmed.

FULLERTON and REAVIS, JJ., concur.

GORDON, C. J., concurs in the result.