[No. 20445. Department Two. November 28, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. A. RURIC TODD, *Appellant*.[1]

[1] CRIMINAL LAW (56)—FORMER JEOPARDY—WAIVER OF PLEA. A plea of former jeopardy cannot avail accused where he objected to the introduction in evidence of the complaint in the former case, and secured its exclusion on the ground of variance, alleging that it charged a different offense from the one on which he was being tried.

[2] SAME (47)—FORMER JEOPARDY—DISMISSAL—ON GROUND OF VARIANCE. The plea of former jeopardy is not available, where accused was dismissed in the former action on the ground of variance between the proof and the information, and subsequently was brought to trial on an information charging a different offense.

[3] SAME (48, 54)—FORMER JEOPARDY—DISCHARGE OF JURY—WITHOUT CONSENT—IDENTITY OF OFFENSES. The fact that the jury was discharged without the consent of the accused, on dismissal of the charge on the ground of variance, does not entitle the accused to plead former jeopardy, when subsequently tried on a different charge.

[4] SAME (188)—TIME OF TRIAL—DISCHARGE FOR DELAY. A motion to dismiss a cause, because the accused was not brought to trial within sixty days, comes too late when not made until the day of trial, seventy-three days after filing the information.

[5] MALICIOUS PROSECUTION (17-1)—CRIMINAL PROSECUTION—JUSTIFICATION—QUESTION FOR JURY. The advice of attorneys is not, as a

¹Reported in 261 Pac. 397.

matter of law, a justification for a malicious prosecution, where there was a question of fact as to whether such advice was made upon full disclosure of the facts in accused's possession.

Appeal from a judgment of the superior court for Cowlitz county, Hewen, J., entered July 16, 1926, upon a trial and conviction of malicious prosecution. Affirmed.

*John T. Casey,* for appellant.

*Joseph A. Mallery, Cecil C. Hallin, J. E. Stone,* and *Maurice A. Langhorne,* for respondent.

ASKREN, J.—The defendant was convicted by a jury of the crime of malicious prosecution, and sentenced by the court to serve a sentence of ninety days in the county jail, and pay a fine of two hundred and. fifty dollars.

Upon appeal, his principal assignment of error is directed to the claim that he was twice placed in jeopardy for the same offense, thereby violating his constitutional rights. A short statement of the facts will be necessary properly to understand this assignment of error. Appellant, while mayor of Kelso, went to the town of Castle Rock and filed a charge against six Kelso citizens, including some members of the city council, charging them with conspiring to obtain one thousand dollars from the city of Kelso. The cause being dismissed by the justice of the peace, the prosecuting attorney filed a charge against appellant alleging that he had committed the crime of malicious prosecution by filing a justice court complaint in Castle Rock charging the six men named. therein with grand larceny or larceny by embezzlement, and alleging that all of the charges therein were untrue.

The justice court complaint was not set out in the information. The cause came regularly on for trial.

After a jury had been empaneled and sworn to try the cause, the state offered in evidence the justice court complaint. The appellant immediately objected upon the ground that it was incompetent, irrelevant, immaterial and that "it differs from the charge in the information." The court, after studying the justice court complaint, concluded that it charged a conspiracy, whereas the information alleged that the charge contained therein was grand larceny, and thereupon sustained the objection of appellant to its introduction.

After much discussion as to whether an amended information or a new information should be filed, appellant's counsel advised the court that he was ready to go on with the trial on the old information, but not on the new one, and that, if the state did not wish to proceed on the old information, there was nothing the court could do but discharge the jury and dismiss the case.

An amended complaint was filed and the jury discharged. The court entered no formal order at the time he discharged the jury. It is contended by the state that the court dismissed it on the ground that there was a variance between the proof and the charge filed. Appellant denies that it was dismissed upon the ground of variance. However, we think the record sustains the state's claim in this respect.

[1] The state offered the complaint in evidence because it deemed it evidence in conformity with the original charge. Appellant's counsel, by his objection to the court to its introduction on the ground that it differed from the charge, could have meant but one thing to the court, and that was that the proof offered varied from the charge. It is not necessary for us to here determine whether or not the court was right in

holding that it differed from the original charge, or that there was a variance between it and the proof. Appellant's counsel took the view that it did, and by getting the court to adopt the same view, prevented the state from offering its legitimate proof and trying the appellant thereunder. The net result of this action, of course, was to prevent the state from offering the proof of the filing of the justice court complaint which gave rise to the charge of malicious prosecution. The appellant by his action prevented a trial upon the original information. It will not do for him now to complain either that the court was in error or insist that he has been twice put in jeopardy, after successfully persuading the court to make a ruling in accordance with his desire. There is no question about the right of the court to dismiss a charge when there is a variance. Rem. Comp. Stat., § 2114.

The case of *Carroll v. State,* 50 Tex. Cr. 485, 98 S. W. 859, is very illuminating upon the question here raised. In that action the defendant was placed on trial for stealing a horse from one E. D. Parker. One place in the information the name was spelled "Paker" and in three other places it was spelled "Parker." After the jury were empaneled and sworn to try the case, the defendant objected because of the variance, whereupon the court quashed the indictment and dismissed it. A new charge was filed that was identical with the first one except that Parker's name was spelled correctly in all places in the indictment. Upon the second trial, it was claimed that the defendant was being placed twice in jeopardy. The court rejected this plea of former jeopardy, saying:

"Without going into the sufficiency of the original indictment—that is, whether it was valid or not, as to the name—we are of the opinion that appellant is not in condition to urge it on the question of jeopardy,

whether the indictment was sufficient or not. The indictment was quashed at his instance. While it is true that jeopardy had attached upon the entry of the plea of not guilty, if the indictment had been good, this plea of jeopardy could not avail appellant, for the reason that he secured the quashal of the indictment and the dismissal of the case. As a general proposition, where an indictment is quashed as being insufficient or a demurrer has been sustained and the accused is therefore discharged, there is no such jeopardy as will bar a prosecution on another indictment for the same offense. By the great weight of authority, where the accused is arraigned upon a sufficient indictment and pleads, and the jury is impaneled, and the plea of not guilty is entered, the dismissal of the indictment, without the consent of the accused, amounts to an acquittal, and bars further prosecution for the same crime. This proposition could hardly need authorities to support it. But it is equally true that, where the accused has secured a decision that the indictment is void, or procured its being quashed, the accused is estopped, when he is subsequently indicted, to assert that the former indictment was valid. *U. S. v. Jones (C. C.),* 31 Fed. 725; *Joy v. State,* 14 Ind. 139; *State v. Meekins,* 41 La. Ann. 543, 6 South. 822. And it has been held that, if the accused on a prior trial maintains a variance was material, and the court directed an acquittal on that ground, he cannot subsequently on his plea of former acquittal allege or prove that it was not material. *People v. Meakin,* 61 Hun (N. Y.) 327, 15 N. Y. Supp. 917; *State v. Goff,* 66 Mo. App. 491. Nor can a defendant plead jeopardy where the jury before which he was first on trial was discharged on his motion or with his consent. *Arcia v. State,* 28 Tex. App. 198, 12 S. W. 599; *State v. Coleman,* 54 S. C. 282, 32 S. E. 406; *Peiffer v. Com.,* 15 Pa. 468, 53 Am. Dec. 605; *State v. Davis,* 80 N. C. 384; *People v. White,* 68 Mich. 648; 37 N. W. 34; *People v. Gardner,* 62 Mich. 307, 29 N. W. 19; *Com. v. Sholes,* 13 Allen (Mass.) 554; *State v. Wamire,* 16 Ind. 357; *McCorkle v. Com.,* 14 Ind. 39; *Hughes v. State,* 35 Ala. 351; *Cobia v. State,* 16 Ala. 781; *Rex v. Stokes,* 6 C. & P. 151; Foster Crown L. 27;

2 Hawkins P. C., C. 47, Sec. 1. Under those authorities this quashal of the indictment and dismissal of the case, after the jury was empaneled, being at the instance of defendant and with his full and free consent, cannot be set up by him as a plea in bar of further prosecution.''

[2] The rule as to variance is stated in 16 C. J. 243, § 380, as follows:

''The effect of a material variance between the allegations of the indictment and the proof is to entitle the defendant to an acquittal on the particular indictment, but he is still liable to be tried for his crime. If accused is acquitted by direction of the court on the ground of material variance, he cannot plead the acquittal as a bar, for he has never been in jeopardy, and when tried on a new indictment the crime then alleged is not the same crime as in the former indictment. And it has been held that, if accused on the prior trial maintained that the variance was material and the court directed a verdict of acquittal on that ground, he cannot subsequently on his plea of former acquittal allege or prove that it was not material.''

The result in the instant case would not have been different if the court had permitted the introduction of the justice court complaint in evidence, and then, at the close of the case, had ruled that the evidence of the state established that he had filed a charge of conspiracy instead of grand larceny, as alleged in the information, and dismissed the case for variance between the proof and the information.

[3] Appellant has laid some stress on the fact that the jury was finally discharged without his consent. It is true that the record shows that the jury was discharged without the appellant's consent, yet we do not think that that fact in itself is of controlling importance. The most that can be said in its favor is that it indicates somewhat of a contradictory view to that taken when the complaint was offered in evidence; and

we think, having secured the ruling of the court in his favor, and the result being inimical to the state, that should be conclusive.

Of course, if the court in this case had entered its formal order of dismissal upon the ground of variance, there could be no question in the matter. In the absence of this, we are satisfied that the view we have taken of the rulings of the court in response to the statements of counsel are correct, and that they establish the fact that the court held in appellant's favor upon the ground that there was a variance.

[4] It is next claimed that the court should have dismissed the second information for failure to bring the cause to trial within sixty days. The cause was tried seventy-three days after the charge was filed. The motion to dismiss was not brought to the court's attention until the day of trial. This was too late. *State v. Nilnch,* 131 Wash. 344, 230 Pac. 129.

[5] It is urged that appellant had probable cause to institute the charge in justice court because he had the advice of attorneys, some of whom testified for him at the trial.

Whether appellant made a full disclosure of all facts in his possession to the attorneys, when asking for this advice, became a question of fact in this case, and was therefore a point for the jury to determine. We are unable to conclude that they incorrectly decided the issue.

We find no reversible error in the record, and the judgment is affirmed.

Mackintosh, C. J., Fullerton, Main, and Holcomb, JJ., concur.