[No. 22830. Department Two. March 9, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. C. McNEIL, *Appellant*.[1]

*Henry Clay Agnew*, for appellant.

*Robert M. Burgunder, Ewing D. Colvin*, and *Ben A. Maslan*, for respondent.

FULLERTON, J.—The appellant, C. McNeil, together with Henry Petri, Harley Gilfilen, and William E.

[1]Reported in 296 Pac. 555.

Worsham, was charged by an information filed in the superior court of King county with the crime of robbery. The information, omitting its formal parts, reads as follows:

"They said Henry Petri and Harley Gilfilen, and each of them, in the County of King, State of Washington, on or about the 31st day of October A. D. 1929, wilfully, unlawfully and feloniously and by force and violence to the person of one Arthur McCafferty, and by putting said Arthur McCafferty in fear of injury to his person and against his will, did then and there take from the person of said Arthur McCafferty certain personal property of value, to-wit, $11.00 in money, the property of said Arthur McCafferty, and they, the said defendants, William E. Worsham and C. McNeil, and each of them, wilfully, unlawfully and feloniously did then and there aid, encourage, counsel, advise and abet the said defendants, Henry Petri and Harley Gilfilen, and each of them, in the commission of said crime."

The appellant, at his request, was given a separate trial. At the appropriate time during the course of the trial, the appellant requested the court to instruct the jury to the effect that the crime of conspiracy to commit the crime of robbery was an included crime within the charge contained in the information, and that the jury might find the appellant guilty of that crime, without finding him guilty of the crime of robbery. The state joined in the request, and the court gave such an instruction, and submitted to the jury a form of verdict to be returned in case they did so find.

The jury returned a verdict, finding the defendant guilty of conspiracy to commit the crime of robbery, making no finding as to the major offense. The appellant, thereupon, moved in arrest of judgment. This motion, the trial court denied, and, on the verdict of guilty of a conspiracy to commit the crime of robbery,

adjudged him guilty of that crime, and sentenced him to a term in the county jail.

The appellant assigns error on the order of the court denying his motion in arrest of judgment. His argument is that a conspiracy to commit the crime of robbery, and the crime of robbery itself, are separate and distinct offenses, made so by the express terms of the statute (Rem. Comp. Stat. §§ 2382, 2418), and that, since the crimes are separate and distinct, the one is not included in the other. The conclusion drawn is that the appellant has been convicted for the commission of a crime with which he was not charged, and that the conviction is, for that reason, a nullity, as it is not a bar to a subsequent prosecution for the same offense, nor a bar to a subsequent prosecution for the major offense set out in the information on which he was tried.

The appellant's learned counsel frankly concedes that, if it was error to charge the jury that the crime of conspiracy is an included offense in the crime of robbery, and the error can be waived by the appellant, he has waived it by requesting the court to so charge. On this phase of the question, however, he contends that the error is one that affects a fundamental right, the right an accused person has to demand the nature and cause of the accusation against him (Const., Art. I, § 22), and is a right he cannot waive.

With these contentions, we are unable to agree in their entirety. Generally speaking, no rule of law is better established than the rule that a party will not be heard to complain of an error which he induced the trial court to commit. Our own reports are replete with cases where the rule has been applied; so numerous, in fact, are the cases that no specific reference need be made to them.

There are errors, however, which the courts hold the accused cannot waive. One such case is found in our own reports. In *State v. Ellis,* 22 Wash. 129, 60 Pac. 136, the defendant was regularly on trial for the crime of burglary. One of the jurors became ill, and was unable to attend the sessions of the court. The state and the defendant thereupon entered into a written stipulation, agreeing to proceed with the trial before the eleven jurors then in the box. The stipulation was as complete as it well could have been made; the defendant expressly consented to proceed with the trial before the eleven jurors, and expressly waived a trial by twelve jurors.

There was a verdict of guilty, and the defendant moved to set the verdict aside, for the reason that "the court had no jurisdiction to proceed with the trial of the case with eleven jurors only, and that the verdict rendered by said jury of eleven was void and of no effect." The trial court granted the motion, and, on the appeal of the state, we affirmed its order. The holding of this court was rested on the ground that the defendant was not tried before a tribunal recognized either by the constitution or statutes of the state, and was, for that reason, an illegal tribunal, which could not be made legal by consent.

The question is one to which the courts from other jurisdictions have returned variant answers, but perhaps the weight of authority is with the conclusion which we there reached. (See, for a collection of the cases, *Schick v. United States,* 195 U. S. 65, 1 Ann. Cas. 585, and note.) A number of the courts, perhaps a majority, adhering to the rule followed in the case of *State v. Ellis,* make a distinction in this regard between misdemeanors and felonies; holding that consent will amount to a waiver in the first class of cases, while, in the second, it will not (note, *supra).* We

have, moreover, shown a disinclination to extend the doctrine of *State v. Ellis*. In *State v. Much,* 156 Wash. 403, 287 Pac. 57, we held, after citing the case, that it was not reversible error to permit the jury, at the request of the defendant, to go into an adjoining state for the purpose of viewing a situation which was thought to refute the evidence on the part of the state.

In our opinion, the crime of conspiracy is not an included crime within an information charging a defendant with the crime of robbery. Nevertheless, evidence showing a conspiracy to commit the crime was not without the issues. It will be remembered that the appellant is not charged with the overt act of robbery. It is charged that the overt act was committed by other persons, and that the appellant counseled, aided, and abetted them in the commission of the crime. To show that he so counseled, aided, and abetted, it was competent to prove that he entered into a conspiracy with the others to commit the crime, and that its commission was the result of such conspiracy (16 C. J. 545, § 1039, and cases there cited). It cannot be successfully contended, therefore, that the verdict is without evidence in its support.

Nor can we agree with the appellant that the judgment entered against him is not a bar to a subsequent prosecution for the same offense. As said by Justice Brewer in *Smith v. Auld,* 31 Kan. 262, 1 Pac. 626:

"The whole philosophy of the doctrine of *res adjudicata* is summed up in the simple statement that a matter once decided is finally decided; and all the learning that has been bestowed, and all the rules that have been laid down, have been for the purpose of enforcing that one proposition. One rule fully established is, that you may examine the entire record of the prior action in order to determine what was in

fact adjudicated. The inquiry is not limited to the mere formal judgment. It extends to the pleadings, the verdict, or the findings, and the scope and meaning of the judgment is often interpreted by the pleadings, verdict, or findings. Indeed, to determine the matters which were adjudicated, not only may you look to the entire record, but also, in many instances, you may resort to parol testimony.''

In *Cromwell v. County of Sac,* 94 U. S. 351, it is said:

'' 'The record produced by the plaintiffs, said the court, showed that the first suit was brought apparently upon the same contract as the second, and that the existence and validity of that contract might have been litigated. But the verdict might have been rendered upon the entire declaration, and without special reference to the first count. It was competent to the defendants to show the state of facts that existed at the trial, with a view to ascertain what was the matter decided upon by the verdict of the jury.' ''

So, in this instance, should the question arise in a subsequent proceeding just what was determined in the case now before us, the appellant may show extrinsically, if he must, what the question was. So, also, the failure of the jury to find the appellant guilty of the major offense charged against him by the information, is in law an acquittal of the offense.

The offense of which the appellant was found guilty, is not a felony, but a gross misdemeanor only. There is sound reason, as will appear from the cases to which we have before referred, for making a distinction between misdemeanors and felonies with regard to matters which may, or may not, be waived, and, while the facts involved in them do not closely parallel the facts of the case before us, they are authoritative on the principle involved.

It is our conclusion, therefore, that the error of which the appellant complains is one which he can

waive, and that he did waive it by inducing the court to commit it.

The judgment is affirmed.

TOLMAN, C. J., MILLARD, BEELER, and BEALS, JJ., concur.