[No. 27184. *En Banc.* March 23, 1939.]

THE STATE OF WASHINGTON, *Respondent,* v. ELROY McCAW, *Appellant.*[1]

*Abrams & McCush* and *R. W. Green,* for appellant.

*Harley Covalt* and *Frank M. Allyn,* for respondent.

SIMPSON, J.—During the month of April, 1938, the defendant, Elroy McCaw, was, by information, charged with the crime of contributing to the delinquency of a minor. The defendant having waived a jury trial, the case was tried to the court. At the conclusion of the trial, the court found the defendant guilty. A

[1]Reported in 88 P. (2d) 444.

motion for arrest of judgment, and in the alternative for a new trial, was presented and denied. Judgment was rendered against the defendant requiring him to pay a fine and sentencing him to imprisonment in the county jail. This appeal followed.

Appellant now urges that the judgment be reversed upon the ground that the trial court did not have jurisdiction to try him without a jury.

The jurisdictional question presented here was not called to the attention of the trial court, and the case of *State v. Karsunky*, 197 Wash. 87, 84 P. (2d) 390, was decided subsequently to the trial of appellant.

In that case, we held that a defendant in a criminal case could not waive his right to trial by jury unless in his plea he admits the truth of the charge or in open court confesses his guilt, and Rem. Rev. Stat., § 2309 [P. C. § 9140], repealed or superseded Rem. Rev. Stat., § 2144 [P. C. § 9371].

In the case just cited, it was stated:

"The rule uniformly followed is that, in the absence of statutory authority, one who is charged with the commission of a felony can not, on pleading not guilty, waive his right to trial by jury, or that he can not, by waiver, confer jurisdiction to proceed without a jury. *Commonwealth v. Hall*, 291 Pa. 341, 140 Atl. 626, 58 A. L. R. 1023; *Commonwealth v. Rowe*, 257 Mass. 172, 153 N. E. 537, 48 A. L. R. 762. See Annotations 48 A. L. R. 767 *et seq.*, and 58 A. L. R. 1031 *et seq.*

"The question whether, in the absence of statutory authority, one charged with the commission of a felony may waive his right to a trial by jury, is not before us. Under our statute, Rem. Rev. Stat., § 2309, one charged with the commission of a crime may not waive trial by jury unless in his plea he admits the truth of the charge, or in open court confesses his guilt. Not only is there an absence of statutory authority to waive trial by jury, but the right to waive, except in the two instances cited, is taken away."

Respondent contends, however, that *State v. Karsunky, supra,* laid down a rule relative to felonies, and that a different rule should be adopted in cases where a defendant is tried for a misdemeanor such as is charged in the present case.

Our statute, Rem. Rev. Stat., § 2253 [P. C. § 8688], defines as crimes all acts or omissions forbidden by law. A different name is given to each degree of crime based upon the punishment to be inflicted in the event of conviction. Felonies, misdemeanors, and gross misdemeanors are each denominated crimes within the meaning of that section of the statute.

Every defendant charged with a crime, whether it be a felony, misdemeanor, or gross misdemeanor, must be tried by a jury in accordance with the mandate of Rem. Rev. Stat., § 2309. There are certain petty crimes and minor offenses which are excepted from the rule stated in the statute. *State ex rel. Belt v. Kennan,* 25 Wash. 621, 66 Pac. 62; *Callan v. Wilson,* 127 U. S. 540, 32 L. Ed. 223, 8 S. Ct. 1301; 1 Dillon's Municipal Corporations (4th ed.), 501, § 433; 3 McQuillin, Municipal Corporations (2d ed.), 605, § 1163.

The appellant did not admit the truth of the charge or confess his guilt in open court; and since the crime with which he was charged is a misdemeanor and not a petty crime or offense, he must be accorded a trial by jury.

In view of our holding that the trial court did not have jurisdiction to try the defendant without a jury, we deem it unnecessary to pass upon other errors urged by appellant.

The case is reversed, with directions to grant a new trial.

ALL CONCUR.