[No. 31912. *En Banc.* July 10, 1952.]

THE STATE OF WASHINGTON, *Respondent*, v. VIRGIL R. LANE et al., *Appellants.*[1]

[1]Reported in 246 P. (2d) 474.

*John E. Prim*, for appellants.

*Charles O. Carroll* and *V. D. Bradeson*, for respondent.

OLSON, J.—The principal question presented by this appeal is: When one juror becomes ill, after a jury of twelve has been impaneled and sworn to try a criminal cause involving a felony, and the court, at the request of the accused and with the consent of the state, excuses the indisposed juror and proceeds with the trial with the remaining eleven jurors, is the judgment and sentence entered upon the verdict of that jury valid?

The accused were being tried jointly for the crime of burglary in the second degree. On the second day of the trial, after a jury of twelve had been impaneled and sworn, a juror became ill. Counsel for one of the accused urged the court to excuse that juror and proceed with the trial with the remaining jurors. The court so ordered, after both defendants and their counsel stipulated with counsel for the state that it be done, and the jury of eleven returned a verdict of guilty against both defendants.

In this appeal, the defendants contend that the judgment and sentence entered upon that verdict is invalid because (1), in a criminal cause, the accused cannot waive the right to trial by jury guaranteed by Art. I, § 21, of the constitution of the state of Washington, and (2), in any event, the submission of the cause to eleven jurors was beyond the jurisdiction of the court because there is no provision in the law for such a tribunal. Counsel for the accused at the trial did not prosecute this appeal.

It is not necessary, in the decision of this case, to answer defendants' first contention. We only discuss its subject matter as it relates to the conclusion reached upon the issues the case actually presents.

The constitutional provision in question reads as follows:

"The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto." Art. I, § 21.

This provision is a guaranty that the right of trial by jury shall not be impaired by legislative or judicial action. *State v. Ellis*, 22 Wash. 129, 131, 60 Pac. 136 (1900); see *State v. Furth*, 5 Wn. (2d) 1, 18, 19, 104 P. (2d) 925 (1940); *In re Brandon v. Webb*, 23 Wn. (2d) 155, 159, 160 P. (2d) 529 (1945). But, because an accused cannot be deprived of this right, it does not follow that he cannot waive it. *State v. Ellis, supra*; see *Patton v. United States*, 281 U. S. 276, 293 *et seq.*, 74 L. Ed. 854, 50 S. Ct. 253, 70 A. L. R. 263 (1930), and *In re Ellern*, 23 Wn. (2d) 219, 224, 160 P. (2d) 639 (1945). A right which can be waived is, in fact, a privilege.

We cite but a few of our cases holding that an accused can waive a constitutional privilege: Trial by jury entirely, by pleading guilty, *In re Brandon v. Webb, supra*; trial in the county of the crime, *State v. Hardamon*, 29 Wn. (2d) 182, 186 P. (2d) 634 (1947); self-incrimination, *State v. Jeane*, 35 Wn. (2d) 423, 213 P. (2d) 633 (1950); counsel, *Thorne v. Callahan*, 39 Wn. (2d) 43, 59, 234 P. (2d) 517 (1951).

In 1951, the legislature enacted the following statute (RCW 10.01.060):

"No person informed against or indicted for a crime shall be convicted thereof, unless by admitting the truth of the charge in his plea, by confession in open court, or by the verdict of a jury, accepted and recorded by the court: *Provided*, That except in capital cases, where the person informed against or indicted for a crime is represented by counsel, such person may, with the assent of the court, waive trial by jury and submit to trial by the court."

It is not the legislative policy of this state that a jury trial is essential in every case to safeguard the interests of the accused and maintain confidence in the judicial system. The cited enactment is consistent with the idea that persons

accused of crime have individual rights of election which must be secure. Granting a choice of privileges can in no way jeopardize their preservation. If an accused desires to waive a privilege, our concern should be to assure him that it can be done.

These defendants were not compelled to proceed with eleven jurors. They must have thought it would be to their advantage to do so. The presence of defense witnesses who might not be available later, satisfaction with the personnel of the jury as drawn, a desire not to have the cause delayed, reluctance to re-examine the jurors on *voir dire* to obtain another jury from the same panel, among other considerations, might explain such a decision by them or by the defendants in any criminal trial.

▇ Whatever the reason, provided he acts intelligently, voluntarily, free from improper influences (as did these accused, who had the advice of counsel), and there being no legislative policy or constitutional mandate prohibiting it, we conclude that an accused can waive his privilege of trial by a jury of twelve and submit his cause to eleven jurors as did these defendants.

The conclusion seems inevitable that, by the waiver of their privilege, these accused did not divest the court of its jurisdiction, a term we have defined as the power to hear and determine a case. *State v. Hampson*, 9 Wn. (2d) 278, 281, 114 P. (2d) 992 (1941), and cases cited. Otherwise, in no event could an accused exercise his privilege. The denial of that power of election would convert the privilege into an imperative requirement. *Patton v. United States*, *supra*, p. 298. The obligation of the state is to assure a trial by a jury of twelve in a criminal case, and not to insist that an accused, against his expressed desire, submit his cause to such a jury or have a mistrial declared. It must follow that the question pertains to the form and manner of the trial, not to the jurisdiction of the court.

Even a partial catalogue of the numerous cases and texts upon these propositions would unduly extend this opinion. Many of them are referred to in *Patton v. United States*,

*supra.* See, also, annotations, 70 A. L. R. 279 (1930), 105 A. L. R. 1114 (1936); 25 Michigan Law Review 695 (1927); the views expressed by Judge Learned Hand in *United States ex rel. McCann v. Adams,* 126 F. (2d) 774, 775 (1942), and the decision in the same case, *Adams v. United States ex rel. McCann,* 317 U. S. 269, 275, *et seq.,* 87 L. Ed. 268, 63 S. Ct. 236, 143 A. L. R. 435 (1942). As illustrative of our view, see *State v. Kaufman,* 51 Iowa 578, 2 N. W. 275 (1879).

■ Can these accused now be heard to say that, by waiving this privilege, they injected a fatal defect into their trial? We think not, for two reasons: (1) A voluntary waiver of a defensive, protective privilege, designed to assure the accused of a fair trial, should not and cannot convert it into an offensive right to have their trial declared invalid; (2) because the questioned action of the trial court does not pertain to its jurisdiction, it must and will be examined under the rules applicable to any other claimed trial error which can be waived. The record shows not only that the court's action was induced by the accused in this case but also that they did not urge it as error in the trial court, and, in either of these events, a claim of error will not be reviewed on appeal.

Perhaps the proposition can be made more clear by considering an assumed trial conducted like the one at issue but which resulted in an acquittal. If the argument of the accused is sound, the acquitted defendants could be tried again. Reluctance to approve such a result might bring into sharper focus some of the same reasons for denying it which are asserted to sustain the judgment in the case at bar.

Defendants rely upon *State v. Ellis, supra,* in which the court held a trial like the one in question invalid. Considering the cited enactment of the 1951 legislature authorizing the accused to waive the entire jury, and the reasoning of the later authorities, the *Ellis* case, in so far as it is inconsistent with this opinion, is overruled. This is a necessary result because of our conclusion that our question is one of the manner and form of procedure, rather than of jurisdiction.

*State v. Karsunky*, 197 Wash. 87, 84 P. (2d) 390 (1938), and *State v. McCaw*, 198 Wash. 345, 88 P. (2d) 444 (1939), which concerned the conflict in the then existing statutes pertinent to the question of jury trials in criminal cases, are not controlling upon the issues in the case at bar. We need not decide the effect of the cited 1951 enactment upon the questions they presented.

We have examined the other assignments of error urged by the accused and find them to be without merit.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, HILL, GRADY, and FINLEY, JJ., concur.

HAMLEY, J. (dissenting)—The statement that hard cases make bad law was common long before Justice Holmes added that this was also true of great cases. *Northern Securities Co. v. United States*, 193 U. S. 197, 400, 48 L. Ed. 679, 24 S. Ct. 436, dissenting opinion. This is not a great case, but it is a hard one.

It ought to be possible for an accused person to consent to a trial before eleven jurors. The majority calls attention to some of the advantages of such a rule. Our function, however, is to determine, not what *ought* to be possible, but what *is* possible, under existing constitutional and statutory provisions.

This case is also hard in another respect. Appellants induced the error of which they now complain, and did not urge it as error in the trial court. No rule of law is better established than the rule that a party will not be heard to complain of an error which he induced the trial court to commit. *State v. Todd*, 145 Wash. 647, 650, 261 Pac. 397. But that rule applies only to errors of law. Assuming that the court here was without authority to proceed with a jury of less than twelve members, it acted in excess of its jurisdiction, and "did much more than commit a mere error of law." *In re Ellern*, 23 Wn. (2d) 219, 160 P. (2d) 639.

In the instant case, the claimed error relates to the legality of the tribunal before which the accused was tried. An

illegal tribunal cannot be made legal by consent. *State v. Ellis*, 22 Wash. 129, 60 Pac. 136; *State v. McNeil*, 161 Wash. 221, 296 Pac. 555. Moreover, where the constitutional principle relied upon is that an accused may not waive a particular right, it merely begs the question to say that he may not raise the question because he induced the error. Whenever an accused attempts to waive a constitutional right, he "induces" the error. But appellate courts do not for that reason decline to review on the merits, as amply demonstrated by the numerous decisions of this court dealing with such questions. The rule of invited error has no application where, as here, the question is whether the trial lacked a constitutional foundation.

For the same reasons, I disagree with the view that the error cannot be urged here because it was not urged in the trial court, presumably on the motion for new trial. In *Schick v. United States*, 195 U. S. 65, 49 L. Ed. 99, 24 S. Ct. 826, the appellant, who had induced the error by waiving a jury in writing, did not even assign this as error on the appeal, or refer to it either in brief or argument. Yet the United States supreme court, on its own motion, considered the question on its merits after calling for briefs on the point.

The constitutional provision in question reads as follows:

"The right of trial by jury shall remain inviolate, *but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto.*" Washington State Constitution, Art. I, § 21. (Italics mine.)

Let us first examine this provision without reference to the decided cases in this and other jurisdictions. It may be conceded at once that if the provision consisted only of the unitalicized portion, it would state only a constitutional privilege which an accused person would be free to waive. It would then have no more standing than the constitutional right to meet the witnesses against him face to face, which may be waived (Art. I, § 22; *State v. Smith*, 183 Wash. 136,

48 P. (2d) 581, 100 A. L. R. 474); or the right to a speedy trial, which may be waived (Art. I, § 22; *State v. Miller,* 72 Wash. 154, 129 Pac. 1100); or the right to demand a copy of the charge against him, which may be waived (Art. I, § 22; *State v. Quinn,* 56 Wash. 295, 105 Pac. 818).

But the unitalicized portion of this constitutional provision does not stand alone, and must not be read as if it did. The italicized portion which follows as a part of the same provision, in my opinion, completely negatives the notion that, in this state, the right to trial by jury in criminal cases in a court of record may be waived. The framers of the constitution have there undertaken to state under just what circumstances the legislature may provide for waiving the jury. By application of the rule of express mention and implied exclusion, it seems to me that the legislature is thereby precluded from providing for a waiver in any case not covered by the provision, and that an accused is precluded from waiving a jury in any case where the legislature has failed to provide therefor.

The provision in question does not authorize the legislature to provide for a waiver of a jury in a criminal trial in a court of record. It follows that an accused is without power to waive the jury in such a case. It is not to be questioned that, when the constitution speaks of a right of trial by jury, it refers to a common-law jury of twelve persons. *State v. Ellis, supra* (overruled by the majority on another point); *Patton v. United States,* 281 U. S. 276, 74 L. Ed. 854, 50 S. Ct. 253, 70 A. L. R. 263. The conclusion to be drawn is that these accused could not consent to a trial before a jury of eleven members.

It is argued that this italicized provision merely indicates the circumstances under which the *legislature* may provide for waiving a jury, and does not in any way limit an accused in waiving a jury independent of legislative action. Will this view stand analysis? The provision is not that the legislature may *waive* the right, but that it may, in certain cases, provide for the waiving of the right *by the parties.* Is it not clear from this that, where the legislature

has not been authorized to provide for the waiving of the right by the accused in a criminal case, it was intended that there could be no waiver? Unless given this construction, what possible purpose does the italicized portion serve? As I see it, if an accused is free to waive the privilege independent of a legislative provision for such waiver, the carefully defined authority conferred upon the legislature is wholly pointless. Neither statutes nor constitutions should be construed in such manner as to render substantial portions meaningless.

Turning now to the decided cases, the majority cites three decisions in support of the proposition that "because an accused cannot be deprived of this right [trial by jury], it does not follow that he cannot waive it." Analysis will show that none of these decisions holds that where a statement of the right to trial by jury is followed by a provision authorizing the legislature to provide for waiving the right in certain cases, an accused is free to waive the right independent of legislative enactment within the prescribed area of waiver.

The first case cited by the majority is *State v. Ellis, supra.*
1. Here is what Judge Dunbar actually said in that case:

"It would seem to the writer of this opinion that the first clause of the section, viz., 'that the right of trial by jury shall remain inviolate,' was simply intended as a limitation of the right of the legislature to take away the right of trial by jury, and that it did not intend to interfere with the right of the individual to waive such privilege. *What construction might be placed upon the further provisions of the same section as indicating the intention of the members of the constitutional convention is not necessary to determine here,* for the trouble with the case at bar is that the legislature has not attempted to provide any method by which the guilt or innocence of a defendant can be determined other than by a jury; and it must be conceded that, when the constitution speaks of a right of trial by jury, it refers to a common law jury of twelve men." (pp. 131-132) (Italics mine.)

It is therefore clear that the decision in the *Ellis* case did not turn on a construction of the constitutional provision.

Moreover, Judge Dunbar's expressions by way of *dictum*, regarding the right to waive a trial by jury, were limited to a construction of the first clause of the constitutional provision. He specifically declined to express a view as to the effect of the further provisions of the same section, wherein the legislature is given authority to provide for waiver in certain cases.

The other Washington case cited by the majority on this point is *In re Ellern*, 23 Wn. (2d) 219, 160 P. (2d) 639. It was there held that, under Rem. Rev. Stat., § 6930 [P.P.C. § 641-27], there is a right to trial by jury in insanity proceedings, and where such right is denied, the adjudication may be set aside on a petition to vacate the judgment. In the course of the opinion, it is pointed out that this statute is similar to a territorial statute under which one charged with insanity had a right to trial by jury only if he made demand therefor. The court then called attention to the rule that, with regard to insanity proceedings, a constitutional guaranty that the right to trial by jury shall remain inviolate preserves such right to the extent given by the territorial statute. The court correctly concluded that, in view of the statutory history, the right to trial by jury in insanity proceedings can be waived and is waived unless a demand is timely made. It is therefore apparent that, in the *Ellern* case, the question of waiver in a criminal case, where there is no such statutory history, was not involved, discussed, or decided.

The only other case cited by the majority in support of the proposition under discussion is *Patton v. United States*, 281 U. S. 276, 74 L. Ed. 854, 50 S. Ct. 253. The *Patton* case, of course, construes Art. III, § 2, and the sixth amendment of the Federal constitution. Neither of these Federal constitutional provisions contains more than a simple statement of the right to trial by jury, without any clause purporting to specify under what circumstances the Congress may provide for waiver. It is this essential difference between the constitutions of the United States and of the other states, and our own constitution, which destroys the

value of decisions from other jurisdictions as precedent in the construction of the Washington constitution.

The majority calls attention to *In re Brandon v. Webb*, 23 Wn. (2d) 155, 160 P. (2d) 529, holding an accused may waive a jury trial by pleading guilty. It was there held that the purpose of the constitutional provision was to preserve to the accused the right to a trial by jury as it had theretofore existed; and that, under the territorial law, an accused had such right only on issues of fact joined upon an indictment or information. Hence, where the accused enters a plea of guilty, such action dispenses with a trial entirely; there is no question of fact to be determined. The fact that an accused may admit his guilt and so obviate any trial does not, in my opinion, undermine the constitutional right where guilt is not admitted and a trial must be had. See *People v. Lennox*, 67 Cal. 113, 7 Pac. 260; *Green v. Commonwealth*, 12 Allen (Mass.) 155; *In re Dawson*, 20 Idaho 178, 117 Pac. 696.

As the majority notes, an accused may waive a trial in the county in which the offense is committed. *State v. Hardamon*, 29 Wn. (2d) 182, 186 P. (2d) 634. This right is provided for in Art. I, § 22, of the constitution, which is not the provision now in question. The majority also calls attention to other constitutional rights which may be waived, such as the right relating to self-incrimination, and the right to counsel. These, too, pertain to provisions of the constitution other than Art. I, § 21, involved in this review. Reliance upon such authorities graphically indicates, in my view, the failure of the majority to come to grips with the particular wording of Art. I, § 21. Nowhere in the majority opinion is there any discussion of the significance to be attached to the italicized portion of Art. I, § 21.

In addition to the constitutional problem, there is the question of whether, even assuming the constitutional right to waive a trial by twelve jurors, there is any provision in law for a tribunal of eleven jurors. In the early case of *State v. Ellis, supra*, that question was thoroughly considered. In holding that there was no such tribunal provided

by law, the court discussed and disposed of every argument which has been advanced on this appeal. No such tribunal has since been provided by law.

Many years later, this court reached a similar conclusion with regard to attempted waivers of the entire jury and submission of the question of guilt or innocence to the judge. *State v. Karsunky*, 197 Wash. 87, 84 P. (2d) 390; *State v. McCaw*, 198 Wash. 345, 88 P. (2d) 444. In those cases, the constitutional question was not raised and so not passed upon. The legislature then responded to the decisions in the *Karsunky* and *McCaw* cases by enacting, in 1951, a statute providing that an accused could waive the entire jury and submit to the court the question of guilt or innocence. RCW 10.01.060 (Rem. Rev. Stat., § 2309). The constitutionality of that statute has never been determined, and in any event, it does not purport to authorize a trial before eleven jurors.

If legislation is not needed to provide the machinery for a waiver of any or all the jury, why did we reverse the convictions in the *Karsunky* and *McCaw* cases upon the ground that there was no statute then in effect?

If the legislature has constitutional power to provide for waiver of a twelve-man jury in criminal cases and submission to a jury of less than twelve, it is the legislature which should do so (if it chooses), and not this branch of government. The legislature has not seen fit to do so in the fifty years the *Ellis* decision has remained unchallenged in our books. In my opinion, that decision is sound and should not be overruled.

I therefore dissent.

DONWORTH and WEAVER, JJ., concur with HAMLEY, J.