[No. 38473.     Department Two.     December 29, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. RAY MITCHELL FORZA, *Appellant.*\*

*Donald A. Eide,* for appellant.

*Charles O. Carroll* and *David H. Beitz,* for respondent.

LANGSDORF, J.†—The trial court found the defendant guilty of assault in the second degree, and from the judgment and sentence to the Washington State Penitentiary the defendant appeals. Counsel on appeal did not represent appellant during the trial.

At the time set for trial the following occurred:

\*Reported in 422 P.2d 475.

---

†Judge Langsdorf is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The Court: Do I understand that the defendant has waived his right to a jury trial?

Mr. Alfieri: That is right. I might inform the court, for the record, that he understands this is a constitutional right that he has and that I have discussed it with him and also discussed what I thought the strategy should be in relation to the defense to be interposed here and on that basis we will waive the jury.

■ Appellant's sole assignment of error is that RCW 10.01.060,[1] providing for waiver of a jury trial by an accused in noncapital cases, is unconstitutional because it contravenes art. 1, § 21 of the Washington State Constitution.[2]

This constitutional provision is a guaranty that the right of trial by jury shall not be impaired or infringed. It sets out the limited circumstances in which the legislature may shape the application of the right of trial by jury. However, because an accused cannot be deprived of this right, by legislative or judicial action, it does not follow that he cannot waive it. *State v. Ellis,* 22 Wash. 129, 60 Pac. 136 (1900).

■ The judgment of the trial court is affirmed on the authority of *State v. Lane,* 40 Wn.2d 734, 736, 246 P.2d 474 (1952), where we held that an accused can waive his privilege of a trial by a jury of 12 and submit his case to 11 jurors. That the right of an accused to waive the presence of one juror compels the conclusion that he may waive the entire jury, see also *Patton v. United States,* 281

---

[1]"No person informed against or indicted for a crime shall be convicted thereof, unless by admitting the truth of the charge in his plea, by confession in open court, or by the verdict of a jury, accepted and recorded by the court: *Provided however,* That except in capital cases, where the person informed against or indicted for a crime is represented by counsel, such person may, with the assent of the court, waive trial by jury and submit to trial by the court."

[2]"TRIAL BY JURY. The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto."

U.S. 276, 74 L. Ed. 854, 50 Sup. Ct. 253, 70 A.L.R. 263 (1930). In so deciding the *Lane* case, *supra*, this court stated:

It is not the legislative policy of this state that a jury trial is essential in every case to safeguard the interests of the accused and maintain confidence in the judicial system. The cited enactment is consistent with the idea that persons accused of crime have individual right of election which must be secure. Granting a choice of privileges can in no way jeopardize their preservation. If an accused desires to waive a privilege, our concern should be to assure him that it can be done.

Constitutional guarantees are subject to waiver by an accused if he knowingly, intentionally, and voluntarily waives them. *In re Summers v. Rhay*, 67 Wn.2d 898, 410 P.2d 608 (1966).

The judgment of the trial court is affirmed.

ROSELLINI, C. J., HILL, DONWORTH, and HAMILTON, JJ., concur.

February 28, 1967. Petition for rehearing denied.