[No. 32698.  *En Banc.*  June 21, 1954.]

ALMER L. LEE *et al., Appellants,* v. HOWARD F. SIEVERS *et al.,*
*Respondents.*[1]

'Reported in 271 P. (2d) 699.

*Dailey & Conroy,* for appellants.

*O. D. Anderson* and *J. P. Hunter,* for respondents.

OLSON, J.—The court, in a trial before a jury, dismissed this action for damages for personal injuries at the conclusion of all the evidence. Plaintiffs have appealed.

In reviewing this ruling, we cannot weigh the evidence. We must view it and all reasonable inferences from it most favorably to plaintiffs, to determine whether or not it is sufficient to justify, though not to compel, a verdict for them. *Gray v. Department of Labor & Industries,* 43 Wn. (2d) 578, 581, 262 P. (2d) 533 (1953), and case cited.

So considered, it discloses that plaintiffs resided in a housing project on Larch street, in Everett, Washington. Defendants had a contract for the improvement of the streets in the block surrounding this project. They removed the concrete gutter at the edge of the streets around the entire block by pushing it out into the street with a grader. This left a trench about three feet wide, twelve inches deep on the side next to plaintiffs' residence, and six inches deep on the street side.

Plaintiff wife crossed the trench, in the middle of the afternoon on a bright, sunny day, to go into the street to talk to her daughter, who had stopped there in her car. As she was recrossing the trench to return to her residence, she stepped on its inner edge with the ball of her foot. The earth crumbled under her weight and she fell, sustaining the injuries for which this action was brought. She testified that she had crossed the trench safely on many previous occasions and knew all about it.

She cannot rely upon defendants' failure to place barriers or warning signs at the point in question. The conditions being apparent and known to her, there was no necessity for signs and barriers. Their only object is to give notice

of a dangerous situation. *Lombardi v. Bates & Rogers Constr. Co.,* 88 Wash. 243, 250, 152 Pac. 1025 (1915), and case cited.

This action is not against the city of Everett, and we are not concerned with any duty it might have had in this situation. Defendants' contract with the city is not in evidence, and plaintiffs have not established defendants' liability for the breach of any duty created by contract.

■ They also have failed to establish actionable negligence against defendants. They have shown no breach of any duty upon which such a claim may rest. The trench was shallow. Crossing it, by walking through it, involved no substantially larger step than ordinarily would be necessary to cross a curbing. The hazard, if any, created by the trench was slight. Any risk involved in the act of defendants in removing the gutter and leaving the trench, does not outweigh its utility. See 2 Restatement, Torts, 785, § 291 (1); Prosser on Torts, 220, § 35. Their conduct was not unreasonable and does not fall below proper standards for the protection of others against any recognizable risk. 2 Restatement, Torts, 763, § 289, comment b; Prosser on Torts, 220, 221, § 35. The jury reasonably could not have found otherwise, except on a theory of strict or absolute liability. This latter theory of recovery was not even suggested by plaintiffs.

■ They also contend that defendants should have provided some safe place for them to reach the street from their home. This argument is of no merit, first, because plaintiff wife testified that she could have reached the street by another route. Secondly, plaintiffs have failed to establish any duty of defendants to provide safe ingress and egress, either under a contract theory, for the reasons we have stated, or under a tort theory, because they have failed to show that the trench was not reasonably safe under the circumstances of this case.

■ We also have considered defendants' contention that recovery is barred by plaintiff wife's voluntary crossing of the trench at the place and under the conditions then visible

and known to her. See 2 Restatement, Torts, 1230, § 466; Prosser on Torts, 376, § 51. They argue that she must have thought she could recross the trench safely. Otherwise, as a reasonable person, she should not have undertaken this crossing. This argument involves an assumption that the negligence of defendants has been established. While our decision on that issue forecloses that assumption, we have made it for the sake of the argument. Our conclusion upon it also leads us to the result reached by the trial court.

The judgment is affirmed.

ALL CONCUR.