[No. 35137.    Department One.    March 10, 1960.]

ISABELLA BAILEY, *Appellant,* v. SAFEWAY STORES, INC., *et al.,* *Respondents.*[1]

[1]Reported in 349 P. (2d) 1077.

*Brightman, Roberts & Holm* and *David R. Mills,* for appellant.

*Guttormsen, Scholfield, Willits & Ager,* for respondents.

HUNTER, J.—This appeal arises from an action to recover for injuries sustained by the plaintiff when she fell into an open ditch adjacent to a sidewalk in the rear of an apartment house.

Isabella Bailey, the plaintiff, a widow seventy-seven years of age, resided at the Magnuson Court Apartments in Renton. On March 22, 1957, she fell in her apartment and fractured her right femur. By June 13, 1957, she had recovered sufficiently to take short walks with the use of her cane. It was while taking one of these walks, on August 15, 1957, that the accident occurred. Prior thereto, a new Safeway Store was being built west of the Magnuson Court Apartments and, in connection therewith, a trench was excavated parallel to the outer edge of the private sidewalk, in the rear of the apartment. The trench was approximately sixty feet in length, two to three feet in depth, and thirty to thirty-six inches in width. The ditch had an uneven shoulder running along the south edge of the sidewalk, six

to eighteen inches from the sidewalk edge. No warning signs were posted or barricades erected. On the afternoon of August 15, 1957, the plaintiff in company with her sister left the apartment for a stroll and to view the progress of the new Safeway Store. They had walked in a westerly direction to the end of the private sidewalk and were returning, the plaintiff walking slightly behind her sister. Her account of what happened is as follows:

" . . . And I was walking along, just as unconcerned as could be, and all at once my cane hit the soft dirt at the side of the sidewalk, and in doing so it threw me off my balance, and I just couldn't get back, and I just thought, oh, if I only could grab something, and there was nothing but air. So I yelled to her [sister], and by the time she came, I was in the ditch; I just lunged right into it."

Plaintiff brought this action against the defendant Safeway Stores, Incorporated, and its contractors, on the theory of a nuisance and on the alternative theory of negligence, by defendants' failure to have adequate warning signs and safeguards erected. The defendants in their answer interposed two affirmative defenses, (1) contributory negligence, and (2) the maxim *volenti non fit injuria.*

At the close of plaintiff's case, defendants made a motion for a dismissal of the action on the grounds of insufficiency of the evidence. The court granted the motion on three grounds: (1) that the excavation complained of was not a proximate cause of plaintiff's injuries; (2) that contributory negligence was a proximate cause of plaintiff's injuries; and (3) that plaintiff's evidence affirmatively showed a voluntary exposure of plaintiff to whatever hazard may have been created by defendants' activities, after full knowledge of all circumstances involved. The plaintiff appeals.

In considering the appellant's assignments of error, we believe the respondents' second affirmative defense, the doctrine of assumption of risk, or the maxim *volenti non fit injuria* is determinative of this appeal.

■ The distinction between the doctrine of assumption of risk and the maxim *volenti non fit injuria* is that the former applies to cases involving a contractual relationship,

while the latter applies without regard to any contractual relationship. However, the general theory underlying the "doctrine" and the "maxim" is the same. Both are predicated upon knowledge and appreciation of the danger and voluntary exposure or assent thereto. *Walsh v. West Coast Coal Mines,* 31 Wn. (2d) 396, 197 P. (2d) 233 (1948); *Mitchell v. Rogers,* 37 Wn. (2d) 630, 225 P. (2d) 1074 (1950); *Ewer v. Johnson,* 44 Wn. (2d) 746, 270 P. (2d) 813 (1954); *Anderson v. Rohde,* 46 Wn. (2d) 89, 278 P. (2d) 380 (1955).

The following language from *Emerick v. Mayr,* 39 Wn. (2d) 23, 234 P. (2d) 1079 (1951), although stated where assumption of risk was applicable, it is equally applicable to the instant case:

"Under the doctrine of assumed or incurred risk, it is the rule that one who voluntarily exposes himself or his property to a known and appreciated danger due to the negligence of another may not recover for injuries sustained thereby. 65 C.J.S. 848, Negligence, § 174. *Walsh v. West Coast Coal Mines,* 31 Wn. (2d) 396, 197 P. (2d) 233. In order to invoke the doctrine, it is essential that the plaintiff shall have exposed himself or his property voluntarily. The doctrine can apply only where a person may reasonably elect whether or not he shall expose himself to a particular danger. Also, it is essential that the risk of danger shall have been known to, and appreciated by the plaintiff, or that it shall have been so obvious that he must be presumed to have comprehended it. [Citations omitted.]"

The appellant testified she had taken the same walk along the excavation in the rear of the apartment house on previous occasions; the last time, prior to her accident, about a week before her injury. As stated by the trial judge:

"Well, the hazards involved in walking down this sidewalk by Mrs. Bailey must have been known to her; from her own testimony she had walked down there several times. They were open and apparent, and she says, in effect, what is a very natural thing for a person to do, and especially one unfortunately convalescing and not being able to get around much. Construction is always a tempting sight to every normal person. . . . So she very naturally (and

I am not criticizing her for doing it) wanted to walk down and see how the work was progressing.

"However, when she did that, *she knew just as much about the dangers inherent in the situation as anyone could have known. It was broad daylight, a bright day on the day it happened. She had been down there before. She lived in the apartment adjoining; and what is more, she was aware of her own infirmities better than anyone else could be.*" (Italics ours.)

█ The appellant appears to come clearly within the maxim *volenti non fit injuria*. She voluntarily exposed herself to the danger of walking along the sidewalk near the open unguarded ditch with the knowledge of her physical infirmity. The risk or danger of falling into the excavation when walking near the edge, by placing her cane on obvious soft and insecure ground instead of the sidewalk, in view of her infirmity, was so obvious that she must be presumed to have comprehended it.

Appellant argues, however, that there were no warning signs saying "soft shoulders," no warning barricades; in fact, there was nothing at all to apprise Mrs. Bailey of the danger.

█ The appellant cannot rely on respondents' failure to place barriers or warning signs at the point in question. The conditions being apparent and known to her there was no necessity for signs or barriers. Their only object is to give notice of a dangerous situation. *Lee v. Sievers*, 44 Wn. (2d) 881, 271 P. (2d) 699 (1954); *Lombardi v. Bates & Rogers Constr. Co.*, 88 Wash. 243, 152 Pac. 1025 (1915).

█ Under the facts of the instant case, the trial court correctly concluded that the appellant assumed the risk which caused her injuries. It is not necessary that we consider the other issues raised by the appellant's assignments of error, in view of this determination.

The trial court was correct in granting respondents' motion for dismissal at the close of appellant's case. The judgment of the trial court is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.