[No. 918-1.    Division One—Panel 2.    April 10, 1972.]

GEORGE E. ATKINSON, *Respondent*, v. PORT OF SEATTLE et al., *Appellants.*

*Reed, McClure, Moceri & Thonn, Hugh A. McClure,* and *William R. Hickman,* for appellant Port of Seattle.

694

*Webster, Kroum, McCann, Granberg, Bass & Mack* and *Stephen A. Mack,* for appellant ABC Transfer Company, Inc.

*DeGarmo, Leedy, Oles & Morrison, Richard M. Stanislaw,* and *David L. Ashbaugh,* for respondent.

FARRIS, A.C.J.—George Atkinson initiated action to recover for damages to certain telephone exchange equipment owned by him and stored in a Port of Seattle warehouse until it was moved at the request of the Port of Seattle, by ABC Transfer Company, to an ABC Transfer Company warehouse. Prior to moving the equipment, the Port of Seattle informed Mr. Atkinson by a series of letters that the equipment would have to be moved. When he took no action, the port contracted with ABC Transfer Company for the move.

Three issues are presented by this appeal:

(1) The failure of the trial court to give a requested instruction on contributory negligence;

(2) The failure of the trial court to give a requested instruction on assumption of risk; and

(3) Whether the trial court abused its discretion in permitting certain expert witnesses called by the plaintiff to testify.

The port and ABC Transfer allege that Mr. Atkinson was negligent in the following particulars:

(a) shipping the equipment to Seattle without insurance;

(b) storing the equipment in a warehouse where it was exposed to dampness, dust, rain and other factors, including the nesting of sea gulls and pigeons; and

(c) refusing to take any action to have the equipment moved although requested by the port to do so, knowing that telephone exchanges are sensitive, technical electrical equipment, and that the equipment was not properly secured for the move that the port would be forced to make in the event of his refusal to act.

If the record supports a reasonable inference that such

negligence, if present, contributed to the injury complained of, the instruction on contributory negligence should have been given.

The record reflects that the damage which resulted in Mr. Atkinson's judgment occurred during the transfer of the equipment from the Port of Seattle warehouse to ABC Transfer Company's warehouse. Mr. Robert O. Hyland testified that while employed by ABC, he moved approximately 80 to 90 per cent of the equipment from the Port of Seattle warehouse to the ABC warehouse. It was his custom to make notations of exceptions on the bills of lading on any goods which he picked up for moving which were in a damaged or unsatisfactory condition. He testified that no exceptions were made to the condition of the equipment at the port because, based upon his visual inspection, there was nothing unusual about its physical condition, including the wires and the contact points. The record also reflects that the equipment was stored in an upright position at the port, but that it was loaded, transferred and stored at ABC on its side. Further, Mr. Hyland testified that during the demonstration to him by the ABC foreman on the manner in which he should move the equipment, some of the insides of the exchanges fell out. Though tested on cross-examination, this testimony was not rebutted.

In challenging the sufficiency of Atkinson's evidence at the conclusion of his case, the port and ABC argued that there was no testimony in the record to indicate that any damage was caused to the equipment while it was stored at the port facility. Atkinson conceded the correctness of this argument and reiterated that the damage for which recovery was sought occurred during the transfer from the Port of Seattle warehouse to the ABC warehouse.

Since the record does not support even an inference that the damage to the equipment occurred before the equipment arrived at the Port of Seattle warehouse or while the equipment was stored at the port's warehouse, the trial court properly refused to give the requested instruction on contributory negligence based upon such alle-

gations. The instructions given by the trial court, including instructions 2[1] and 3[2] to which error is assigned, properly stated the issues for the jury's determination.

■ Mr. Atkinson had no duty to foresee that a transfer of his equipment by the Port of Seattle would, if made at all, be made in any but a careful and responsible manner. Further, he could rely upon the presumption that before a transfer was made, the provisions of RCW 62A.7-206(1) would be followed. RCW 62A.7-206(1) requires that a warehouseman must state in a written notice to the person on whose account the goods are held that he shall have 30 days in which to remove the goods before a contract for storage, which as here had no fixed duration, is terminated.[3] The notice upon which the port relies to ter-

[1]"The plaintiff claims that the defendants were negligent in failing to exercise that degree of care towards Mr. Atkinson's property that is required by law.

"The plaintiff claims that defendants' conduct was a proximate cause of damage to plaintiff's property. The defendants deny these claims. The defendants further deny the nature and extent of the claimed damage.

"The foregoing is merely a summary of the claims of the parties. You are not to take the same as proof of the matters claimed and you are to consider only those matters which are established by the evidence. These claims have been outlined solely to aid you in understanding the issues."

[2]"The plaintiff has the burden of proving each of the following propositions:

"First, that one or more of the defendants acted, or failed to act, in one of the ways claimed by the plaintiff and that in so acting, or failing to act, that defendant or defendants was negligent;

"Second, that the plaintiff's property was damaged;

"Third, that the negligence of one or more of the defendants was a proximate cause of the damage to plaintiff's property.

"If you find from your consideration of all the evidence that each of these propositions have been proved as against one or more of the defendants, your verdict should be for the plaintiff against that defendant or defendants. On the other hand, if any of these propositions has not been proved as against one or more of the defendants, then your verdict should be for that defendant or defendants."

[3]RCW 62A.7-206(1) provides in part: "A warehouseman may on notifying the person on whose account the goods are held and any other person known to claim an interest in the goods require payment of any charges and removal of the goods from the warehouse at the

minate the bailment gave 15 days notice. It is insufficient as a matter of law. The trial court properly refused an instruction on contributory negligence based on Mr. Atkinson's failure to have the equipment moved from the Port of Seattle warehouse.

Appellants next assign error to the failure of the trial court to give an instruction on assumption of the risk. They contend that Mr. Atkinson assumed all responsibility for any damage to the telephone equipment in that (1) he knew of the conditions at the port warehouse and failed to take any action and (2) he knew that the equipment was not in a proper condition for transfer and that the port was going to move it.

■ Assumption of the risk is predicated upon knowledge and appreciation of the danger and voluntary exposure or assent thereto. *Bailey v. Safeway Stores, Inc.*, 55 Wn.2d 728, 349 P.2d 1077 (1960). The knowledge and appreciation by the injured party must be directed toward the particular danger or risk which results in the injury. *Tabert v. Zier*, 59 Wn.2d 524, 368 P.2d 685 (1962).

The record does not indicate that Mr. Atkinson knew and fully appreciated that a transfer of the equipment would be made and that, if made, it would be performed in a manner which would result in substantial damage to the equipment. The trial court properly rejected appellants' request for an instruction on assumption of risk.

Appellants also contend that the qualifications of witnesses Bittman, Pirnie and Collier were insufficient to allow their testimony as to value, and emphasize the fact that Pirnie and Bittman never saw the equipment which was damaged. They argue that the trial court abused its discretion in permitting them to testify. We disagree.

■ The rule regarding the competency of expert witnesses to testify as to value is set forth in *Pacific Northwest*

termination of the period of storage fixed by the document, or, if no period is fixed, within a stated period not less than thirty days after the notification."

*Pipeline Corp. v. Myers,* 50 Wn.2d 288, 291, 311 P.2d 655 (1957):

Whether or not a witness will be permitted to render an opinion as to value is within the sound discretion of the trial court, and unless that discretion has been abused, this court will not disturb the ruling in admitting such testimony. *State ex rel. Oregon-Washington Water Service Co. v. Hoquiam,* 155 Wash. 678, 286 Pac. 286, 287 Pac. 670; *Traver v. Spokane Street R. Co.,* 25 Wash. 225, 65 Pac. 284. Witnesses who are not strictly experts but who have some knowledge of value may testify. The fact that the knowledge is slight goes to the weight of their testimony rather than to its competency. *State ex rel. Oregon-Washington Water Service Co. v. Hoquiam, supra.*

The trial court did not abuse its discretion in allowing the testimony regarding value. The record reflects that the witnesses had some familiarity with similar Kellog relaymatic telephone exchanges. The objections to their testimony go to the weight rather than the admissibility of the testimony. Cross-examination and closing argument, both of which were skillfully utilized by counsel, was the remedy.

■ During oral argument to this court, appellant ABC Transfer Company complained that there was no special verdict. It was contended that the jury should have determined what damages, if any, occurred during the storage of the equipment and what damages were occasioned by the transfer. There was no request made to the trial court for a special verdict form. The rule is clear:

We have repeatedly held that the matter of submitting, or not submitting, special interrogatories to a jury is a matter entirely within the discretion of the trial court and will not be reviewed upon appeal.

*Salo v. Nelson,* 22 Wn.2d 525, 529, 156 P.2d 664 (1945). Further, the alleged error was not mentioned in the brief of either appellant. CAROA 43 states in part that:

No alleged error of the superior court will be consid-

ered, unless the same be definitely pointed out in the "assignments of error" in appellant's brief.

Affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied June 7, 1972.

Review denied by Supreme Court July 21, 1972.