[No. 428-3.    Division Three.    October 31, 1972.]

ROBERT E. PORTER, *Appellant*, v. JACK LEE *et al., Respondents*.

*John R. Sullivan* (of *Nason & Sullivan*), for appellant.

*Robert S. Day* (of *Peterson, Taylor & Day*), for respondents.

EDGERTON, J.—Appellant, a regular customer of respondents, sued for damages for injuries sustained in a fall in their cocktail lounge in Pasco, Washington. At the close of his case the trial court directed a verdict for respondents, concluding the evidence brought the case within the rule of volenti non fit injuria, or showed contributory negligence. The only issue on appeal is: Was that decision correct? We affirm.

The evidence discloses that appellant had gone to respondents' establishment on January 20, 1970, about 11:30 p.m., had two drinks in the lounge, received a telephone call, and proceeded to depart. While going from the bar stool he had occupied, toward the door, he tripped and fell when his heel caught on a tear in the carpet, or some threads extending from it. He testified that the tear extended at right angles from the bar where he was sitting, to the tables nearby, making it necessary for him to step over

it. He was not compelled to cross the tear, having other alternatives, but he did cross it two or three times during the evening before he fell. Appellant testified that as a frequent customer of the Chinese Gardens Restaurant he had been there often, knew of the tear in the rug, had many times stepped over it, and was aware that it was dangerous. Appellant's complaint alleged respondents were negligent in permitting the continued existence of this condition.

■ For the purpose of this appeal respondents' negligence is conceded. In directing a verdict for the respondents because the appellant voluntarily, knowingly exposed himself to the risk responsible for his injury, or was contributorially negligent, did the trial court err? Such action is permissible only when there is an absence of evidence or reasonable inference therefrom supporting a contrary result. *Bailey v. Carver*, 51 Wn.2d 416, 319 P.2d 821 (1957).

■ The rule for applying the doctrine of volenti non fit injuria is set forth in *Kingwell v. Hart*, 45 Wn.2d 401, 405, 275 P.2d 431 (1954), and quoted with approval in *Detrick v. Garretson Packing Co.*, 73 Wn.2d 804, 809, 440 P.2d 834 (1968), as follows:

> It follows that the inquiry in a tort case, presenting the issues raised on this appeal, may include three questions: Did plaintiff (1) know of and appreciate the danger or risk involved, and also (2) did he voluntarily consent to expose himself to it ("voluntarily" including the meaning that defendant's conduct has left plaintiff a reasonable election or alternative. See *Emerick v. Mayr*, 39 Wn. (2d) 23, 25, 234 P. (2d) 1079 (1951)), and (3) was the exposure unreasonable, that is, was it such that a reasonable person in plaintiff's position would not expose himself to it, or, after accepting a reasonable risk, did plaintiff exercise proper care for his own protection against that risk.
>
> If the first two questions are answered affirmatively, the defense under the *"volenti"* maxim is established regardless of negligence. If the record is such that no real consent to relieve defendant of any duty can be found, and the issues are framed as they are here, the

third question must be examined. If it is answered affirmatively, the defense of contributory negligence is established. . . . The burden of proof is upon defendant to establish the elements of these defenses.

The appellant testified that he frequented respondents' bar almost daily and knew the condition of the carpet and didn't have to sit where he did the night he was hurt. He said:

Q You didn't consider it hazardous? A Well, evidently it was. Q Well, you didn't consider it so from your observation? A Well, I can't say—yes, it was hazardous. Q In your opinion, and you knew that? A Yes. I believe that as a matter of fact I had other people remark about it. Q But you knew it was hazardous and you knew and appreciated its dangerous condition, is that what you are saying? A Yes. Q And you still continued to march back and forth over it many times, at least three times that night, is that what you are saying? A Let me see, one, two, three—yes, three times. The third time I tripped.

Clearly, from his own testimony appellant knew and understood the danger and thereby consented to his exposure to it. Thus, his own testimony brings him within the rule and there is no question left for jury determination. His case is as clearly within the maxim volenti non fit injuria as was that of *Bailey v. Safeway Stores, Inc.*, 55 Wn.2d 728, 349 P.2d 1077 (1960), the facts and law of which are quite apposite to this case.

While this conclusion is sufficient to decide the case, the trial judge also rightly ruled the appellant was contributorially negligent. Reasonable minds would not differ that ordinarily prudent persons with full knowledge of the danger of a torn carpet would not continue the risk of falling over it. Hence, no jury question on this issue is presented.

Judgment is affirmed.

MUNSON, C.J., and GREEN, J., concur.