[No. 11779-1-III.   Division Three.   June 8, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY ALLEN HAVENS, *Appellant.*

*Howard M. Neill* and *Aitken, Schauble, Patrick, Neill & Ruff,* for appellant.

*James H. Kaufman, Prosecuting Attorney,* for respondent.

SWEENEY, J. — Harry Allen Havens was convicted after a bench trial of one count of first degree rape of a child occurring on or about January 25, 1989. A sentence of 60 months was imposed. In an unpublished decision, this court reversed the conviction and remanded for a new trial. *State v. Havens,* 58 Wn. App. 1026 (1990). Prior to retrial, the State amended the information to allege that the offense occurred between July 1, 1988, and January 25, 1989. A jury found Mr. Havens guilty. An exceptional sentence of 136 months was imposed. Mr. Havens contends (1) the amendment of the information charged a new crime which should have been joined in the original information; (2) the jury verdict was not unanimous; (3) the court erred in refusing to give the proposed verdict form; and (4) the imposition of an exceptional sentence after the second trial violated his constitutional right to appeal. We affirm.

FACTS AND PROCEDURAL HISTORY

On February 1, 1989, Mr. Havens was charged by information with one count of first degree rape of a child occurring on or about January 25, 1989. RCW 9A.44.073.[1] The victim, R.H. (date of birth February 25, 1980), testified at the bench trial. Mr. Havens was found guilty and sentenced to 60 months. On appeal, this court held that expert testimony had been improperly admitted; the conviction was reversed and the matter was remanded for a new trial.

Over objection, the State was permitted to amend the information prior to retrial to allege that the one count of rape occurred between July 1, 1988, and January 25, 1989. At trial, R.H. testified about several incidents within the dates of the amended information in which Mr. Havens forced her to perform acts of fellatio. Defense counsel pro-

---

[1]That statute provides:

"(1) A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim."

posed a special verdict form to "determine that the jury, in fact, is unanimous as to a single incident . . .". The court declined to submit the proposed verdict form to the jury, ruling that the giving of the interrogatory could be deemed "a comment on the evidence or an indication to the jury that the Court somehow feels they should render a verdict of guilty." The jury was instructed that the verdict must be unanimous. Mr. Havens was found guilty; the court polled the jury.

Mr. Havens moved for a new trial on the basis that the court had erred in allowing the State to amend the information and that the jury verdict was not unanimous. Mr. Havens submitted an affidavit of a juror which stated, in part:

> Under the jury instructions, I did not feel that either I, nor the other jurors, needed to agree to a specific act, and we did not vote on a specific act of fellatio to reach our verdict. I feel that an act of fellatio occurred, but I cannot say that I agreed that the same act I found to have occurred was the same act that the other jurors agreed occurred. We concurred that between July 1, 1988 through January 25, 1989 that an act of fellatio occurred.

The court denied the motion, ruling that the mental processes of the jurors — "how they arrived at their decision and what they did . . ." — inhered in the verdict.

The State requested an exceptional sentence of 170 months. A sentence of 136 months, two times the standard range, was imposed. The court stated the exceptional sentence was justified because (1) the crime took place over an extended period of time; (2) the victim was particularly vulnerable; (3) Mr. Havens abused his position of trust; and (4) there were multiple incidents of abuse with a young victim.

## AMENDMENT OF INFORMATION

Mr. Havens argues that because the State was allowed to amend the information to include a time period from July 1, 1988, through January 25, 1989, he was potentially charged on retrial with an additional 208 different crimes. He con-

cludes that the amendment violated the mandatory joinder rules of CrR 4.3(c)(3).[2] We disagree.

■ The amended information did not charge him with a different offense or a higher degree of the offense. *State v. Anderson*, 96 Wn.2d 739, 742, 638 P.2d 1205, *cert. denied*, 459 U.S. 842 (1982). The amendment did not increase the number of counts alleged in the information, *State v. Courville*, 63 Wn.2d 498, 500, 387 P.2d 938 (1963), nor charge an alternative means of committing the offense, *State v. Russell*, 101 Wn.2d 349, 352, 678 P.2d 332 (1984). The amendment affected only the date that the offense was committed, a matter of form rather than substance. *State v. DeBolt*, 61 Wn. App. 58, 62, 808 P.2d 794 (1991).

Mr. Havens had notice of the amendment. He was granted a continuance and an additional interview with R.H. The court did not err in allowing the amendment.

## JURY UNANIMITY

Mr. Havens argues the court erred in denying his motion for a new trial because the verdict was not unanimous. The contention is based on a juror affidavit which suggests, at best, uncertainty as to whether the jury agreed on a specific date of the misconduct.

■ ■ A trial court's refusal to grant a motion for a new trial will not be disturbed absent a manifest abuse of discretion. *State v. Hutcheson*, 62 Wn. App. 282, 297, 813 P.2d 1283 (1991), *review denied*, 118 Wn.2d 1020 (1992). A decision whether there has been jury misconduct is within the

---

[2]CrR 4.3(c)(3) provides:

"A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in this rule. The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted."

discretion of the trial court. *State v. Rempel*, 53 Wn. App. 799, 801-02, 770 P.2d 1058 (1989), *rev'd on other grounds*, 114 Wn.2d 77, 785 P.2d 1134 (1990).

▇ A defendant may be convicted only when a unanimous jury concludes that the criminal act charged in the information has been committed. *State v. Kitchen*, 110 Wn.2d 403, 409, 756 P.2d 105 (1988); *State v. Bautista-Caldera*, 56 Wn. App. 186, 190, 783 P.2d 116 (1989), *review denied*, 114 Wn.2d 1011 (1990). When the evidence at trial indicates that a defendant may have committed several distinct criminal acts, but the defendant is charged with only one count of criminal conduct, the State in its discretion may "elect the act upon which it will rely for conviction." *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984). "Alternatively, if the jury is instructed that all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt, a unanimous verdict on one criminal act will be assured." *Petrich*, at 572; *State v. Fitzgerald*, 39 Wn. App. 652, 655-56, 694 P.2d 1117 (1985).

Here, the State presented testimony of several incidents of the same underlying criminal act, fellatio, and did not elect the act upon which it would rely for a conviction. The court instructed the jury:

> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to the charge. *All 12 jurors must agree that the same act of criminal conduct has been proved beyond a reasonable doubt for you to return a verdict of guilty.*

(Italics ours.) This instruction satisfied the requirements of *Petrich*.

▇ It is well established that "[p]ublic policy forbids inquiries into the privacy of the jury's deliberations", *State v. Hoff*, 31 Wn. App. 809, 813, 644 P.2d 763, *review denied*, 97 Wn.2d 1031 (1982), and that the mental processes by which jurors reach their conclusion are all factors inhering in the verdict. *State v. Jackman*, 113 Wn.2d 772, 777-78, 783 P.2d 580 (1989). The jurors' mental processes inhered in the verdict. There is no error.

■ Further, any defect in the voting procedure was cured by the jury poll. "[S]ince the jury was polled, there is no doubt that the verdict was unanimous and was the result of each juror's individual determination.'" (Italics omitted.) *State v. Badda*, 63 Wn.2d 176, 182, 385 P.2d 859 (1963); *Butler v. State*, 34 Wn. App. 835, 838, 663 P.2d 1390 (jury poll is tantamount to a final vote), *review denied*, 100 Wn.2d 1009 (1983); RCW 4.44.390 (if the number of jurors required for verdict answer that it is the verdict said verdict shall stand).

## SPECIAL INTERROGATORY

Mr. Havens contends that the court erred in refusing to give his proposed special interrogatory verdict form.[3] He argues the form was necessary to assure that if the jury did find him guilty, the verdict would be unanimous. Mr. Havens does not offer any authority to support his position that the court was required to give his proposed verdict form.

■ The decision whether to submit a special interrogatory to the jury is a matter within the discretion of the trial court. *Atkinson v. Port of Seattle*, 6 Wn. App. 693, 698, 495 P.2d 686, *review denied*, 81 Wn.2d 1001 (1972). In refusing to give the proposed verdict form, the court here stated:

> [T]he Court is required, as I have done . . . to inform the jury to instruct them that they all must agree on the same act of criminal conduct proven beyond a reasonable doubt before they can determine a verdict. . . . I'm not aware of a case which requires an interrogatory. It is the Court's feeling that by giving an interrogatory it may very well be deemed a comment on the evidence or an indication to the jury that the Court somehow feels they should render a verdict of guilty.

There is no abuse of discretion.

---

[3] "We, the jury, return a special verdict by answering as follows:
"The act of sexual intercourse with the alleged victim occurred

(a brief description of the time and place of the

alleged occurance [sic] agreed upon by the entire jury)

EXCEPTIONAL SENTENCE

Finally, Mr. Havens contends the court erred in imposing an exceptional sentence of 136 months on retrial when he was sentenced to 60 months after the first trial. He asserts there is a presumption of vindictiveness when a judge imposes a more severe sentence following a successful appeal. *North Carolina v. Pearce*, 395 U.S. 711, 726, 23 L. Ed. 2d 656, 89 S. Ct. 2072, 2089 (1969).[4]

The due process clause of the fourteenth amendment to the United States Constitution "proscribes increased sentences motivated by a judge's vindictive retaliation after reconviction following a successful appeal." *State v. Franklin*, 56 Wn. App. 915, 920, 786 P.2d 795 (1989) (citing *North Carolina v. Pearce, supra*), *review denied*, 114 Wn.2d 1004 (1990).[5] In *Pearce*, the United States Supreme Court held that due process requires that a sentencing judge's "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence [the defendant] receives after a new trial." *Pearce*, 395 U.S. at 725. In *Franklin*, this court interpreted *Pearce* as holding that a "more severe sentence establishes a *rebuttable presumption* of vindictiveness." (Italics ours.) *Franklin*, at 920. *See State v. Lass*, 55 Wn. App. 300, 306, 777 P.2d 539 (1989) (prosecutor amended information following a defendant's exercise of constitutional rights. "The mere appearance of vindictiveness is insufficient to establish a due process violation").

■ Here, the sentencing judge was not the judge who tried Mr. Havens and imposed the original sentence of 60 months. When Mr. Havens addressed the court and stated

---

[4]Mr. Havens does not challenge the reasons for the exceptional sentence.

[5]The Court in *Pearce*, 395 U.S. at 723-24, stated:

"It can hardly be doubted that it would be a flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside."

that he believed he was being penalized for prevailing on appeal, the sentencing judge responded:

> Well, I can guarantee you that you're not. I've based my decision solely upon the evidence that I heard and, in fact, until [the State] mentioned it this morning, I didn't even know what the sentence was in the previous case. I had no idea what it was.

The exceptional sentence was supported by four aggravating factors, which are not challenged by Mr. Havens. Any presumption of vindictiveness was rebutted by the presence of sufficient unchallenged aggravating factors to support the sentence. The court did not err in sentencing Mr. Havens to 136 months.

Mr. Havens' conviction and sentence are affirmed.

SHIELDS, C.J., and MUNSON, J., concur.

Review denied at 122 Wn.2d 1023 (1993).