[No. 16214-1-III.   Division Three.   May 5, 1998.]

THE STATE OF WASHINGTON, *Appellant*, v. MICHAEL ROBERT MARKS, *Respondent*.

BROWN, J., dissents by separate opinion.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*John H. Whaley* of *Spokane Public Defender's Office*, for respondent.

SWEENEY, J. — The trial court granted Michael Marks' motion for a new trial following his conviction for first degree theft. The court justified this discretionary ruling on two grounds. First, after talking to the jury informally following the trial, it concluded the jury was confused over whether a missing witness instruction applied to an absent State witness or an absent defense witness. The court had given Mr. Marks' proposed missing witness instruction. Second, a witness called by the State did not appear as scheduled. The State then sought a day-long continuance to find the witness. Mr. Marks objected.

The dispositive question here is whether the trial judge abused his discretion by granting the new trial. Because the jury's consideration of the missing witness instruction inheres in its verdict, and because Mr. Marks objected to the State's efforts to locate the missing witness, we conclude that the trial judge abused his discretion. We therefore reverse the order granting a new trial and reinstate the conviction for first degree theft.

## FACTS

Dick Reed paid $5,300 to Mr. Marks for a GMC Jimmy at Sprague Avenue Auto Works. Mr. Marks used the alias "Chuck Greenwood." Victoria Steve (who used the alias Samantha Perry) was Mr. Marks' girl friend. Mr. Marks put the title in Ms. Steve's assumed name. Mr. Reed objected. Mr. Marks told him a new document would be completed and mailed to him. The title never found its way to Mr. Reed. Mr. Marks also refused to give Mr. Reed a receipt. He told Mr. Reed to come back later when the manager was available. Mr. Reed returned several times; he was told the manager was not available.

Later Ms. Steve went to Mr. Reed's house to borrow the GMC for an emergency. She did not return the vehicle. Mr.

Reed once saw the GMC on the road, tried to pursue, but stopped when the chase became dangerous. He never saw the car again. Ms. Steve sold it to a dealer in western Washington. She pleaded guilty to third degree theft. The State named her as a witness for Mr. Marks' trial.

The State called Ms. Steve and made arrangements for her to appear. It had provided her with an airplane ticket to Spokane. She did not appear. The State requested a recess until the next day to locate Ms. Steve; she lived in Tacoma. Mr. Marks objected. The court denied the State's request and gave the State two hours to locate Ms. Steve. Ms. Steve did not appear. The court also denied the State's request to introduce Ms. Steve's guilty plea statement. The statement implicated Mr. Marks.

During opening statements, both the prosecutor and Mr. Marks' lawyer discussed Ms. Steve's expected testimony. Mr. Mark's attorney also told the jury Tommy Marks would testify on behalf of Michael Marks. Tommy Marks did not appear.

Mr. Marks proposed a missing witness instruction on the failure of Ms. Steve to testify. The State objected. But it argued that if the instruction were given it should apply to Tommy Marks' failure to appear. The court gave a missing witness instruction.

The jury found Mr. Marks guilty.

After the conviction, the court conducted an "exit interview" during which the jurors asked about both Ms. Steve and Tommy Marks. The court inferred from the jury's questions that it must have applied the missing witness instruction to both witnesses. The court granted Mr. Marks' motion for a new trial. The State appeals.

## DISCUSSION

**Abuse of Discretion Standard.** Discretion is abused if the discretionary decision is not based on tenable grounds or tenable reasons. *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993). But simply reciting that standard

sheds no light on the level of scrutiny appellate courts focus on trial court decisions.

> The trial judge acting in discretion is granted a limited right to be wrong, by appellate court standards, without being reversed. There are wide variations in the degree of "wrongness" which will be tolerated.

Maurice Rosenberg, *Appellate Review of Trial Court Discretion*, 79 F.R.D. 173, 176 (1979). The deference given by a reviewing court to a trial court's discretionary decision is related to the nature and consequences that attend the particular discretionary decision. Continuances, the scope of cross-examination, timing of witnesses, or order of instructions usually have little effect on the outcome of a trial and therefore are usually given great discretion. *State v. Scott*, 72 Wn. App. 207, 223, 866 P.2d 1258 (1993) (Forrest, J., dissenting), *aff'd sub nom. State v. Ritchie*, 126 Wn.2d 388, 894 P.2d 1308 (1995). We will also defer to a trial judge's discretion on those elements of the trial that cannot be made part of the record. *Barth v. Rock*, 36 Wn. App. 400, 403, 674 P.2d 1265 (quoting *Olpinski v. Clement*, 73 Wn.2d 944, 951, 442 P.2d 260 (1968)), *review denied*, 101 Wn.2d 1014 (1984).

At issue here is the grant of a new trial. A frequently cited principle of Washington law is that a much stronger showing of abuse of discretion is needed to set aside an order granting a new trial, than to set aside an order denying a new trial. *Palmer v. Jensen*, 132 Wn.2d 193, 197, 937 P.2d 597 (1997); *Walgraf v. Wilkeson Coal & Coke Co.*, 65 Wash. 464, 467, 118 P. 343 (1911); *State v. Dawkins*, 71 Wn. App. 902, 907, 863 P.2d 124 (1993). However, logic and a cursory statistical review of actual decisions suggest otherwise.

First, decisions granting or denying a motion for a new trial usually rest on questions of law and the application of a rule of law, rather than the trial judge's assessment of the evidence or the impact of that evidence on the jury. The latter functions are constitutionally reserved for the jury. The trial judge is not a "13th juror." *State v. Williams*, 96

Wn.2d 215, 221-22, 634 P.2d 868 (1981). Second, a cursory review of appellate decisions between 1974 and 1996 shows that 14 trial court orders granting a new trial were appealed. Six, or 42.9 percent, were reversed. During the same period, 49 denials of a new trial were reviewed, with only 14, or 28.6 percent being reversed.

It may be time to stop reciting the accepted standard of review for orders granting or denying motions for a new trial and look instead at the underlying reasons given for this discretionary decision. A fine balance must be struck between jury, trial court, and appellate court to prevent one from usurping the legitimate function of the others. *Williams*, 96 Wn.2d at 222. The announced standard of review for motions for a new trial does not further this end.

Here, the court gave as its reasons for granting a new trial CrR 7.6(a)(5) (irregularity in the proceedings) and CrR 7.6(a)(8) (failure of substantial justice). The language of CrR 7.6(a) creates a framework for both the exercise of discretion and, by doing so, for appellate review. If none of the grounds listed in CrR 7.6(a) are present, the court abused its discretion in granting a new trial. If the defendant's substantial rights have been materially affected by one of the stated reasons, the decision of the trial court should be affirmed. *Williams*, 96 Wn.2d at 222. Let us turn then to the facts of this case.

Jury Misapplication of the Missing Witness Instruction. The State argues that the court erred in concluding that the jury misapplied the missing witness instruction. Its assignment of error raises two questions. (1) Was the jury misled? (2) Whether or not it was misled, did the court improperly inquire into matters that inhere in the jury's verdict?

(1) Here, after the trial, on questioning from the judge, the jurors expressed curiosity about the absence of both Tommy Marks and Ms. Steve. The court inferred from these comments that the jury had applied the missing witness instruction to both missing witnesses. *No juror made*

*any such statement to this effect, let alone swear in an affidavit that he or she misunderstood or misapplied the court's instruction.* Moreover, Mr. Marks proposed the missing witness instruction that the court gave. *See State v. Boyer,* 91 Wn.2d 342, 345, 588 P.2d 1151 (1979) (defendant may not complain on appeal about an instruction the he requested).

(2) When a jury has been considerably misled about a material question of law, prejudice will be presumed. *State v. Thompson,* 68 Wn.2d 536, 541, 413 P.2d 951 (1966); *State v. Brown,* 29 Wn. App. 11, 627 P.2d 132 (1981). Mr. Marks relies heavily on *Barth v. Rock,* which interpreted and applied CR 59(a)(9). *Barth,* 36 Wn. App. 400. The court concluded that the jury had been misled when it was not informed an expert witness's testimony was clearly erroneous. *Id.* at 404-05. The court further found the jury had been erroneously instructed as to the law. *Id.* at 405.

■■ But here, whether the jury was misled is a question of fact, which can be determined only by recourse to jury comments. The instruction given was correct. How the jury applied that instruction can be discovered only by probing behind the verdict, and into the jurors' mental processes. This is forbidden. Whether this jury applied the instruction to witnesses other than Ms. Steve cannot be known without probing these mental processes. Those mental processes inhere in the verdict and are therefore inaccessible to subsequent inquiry. *Ayers v. Johnson & Johnson Baby Prods. Co.,* 117 Wn.2d 747, 768-69, 818 P.2d 1337 (1991).

Juror affidavits about the thought processes leading to the verdict may not be considered to set aside the verdict. Jurors may provide only factual information regarding actual conduct alleged to be misconduct, not about how such conduct affected their deliberations. *Gardner v. Malone,* 60 Wn.2d 836, 840, 376 P.2d 651, 379 P.2d 918 (1962). Matters that inhere in the verdict are beyond inquiry. *Id.*

■ We conclude then that the court's discretionary decision granting a new trial in this case is not based on tenable grounds or for tenable reasons and must be reversed.

*State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997), *cert. denied*, 118 S. Ct. 1193 (1998).

██ ██ Invited Error as a Basis for a New Trial. No party should be allowed to complain of error that he/she induced the trial court to commit. *State v. Henderson*, 114 Wn.2d 867, 870, 792 P.2d 514 (1990) (quoting *Boyer*, 91 Wn.2d at 345); *State v. McNeil*, 161 Wash. 221, 223, 296 P. 555 (1931). Also, a defendant is not denied due process of law by an omission that results from his own acts. *State v. Lewis*, 15 Wn. App. 172, 177, 548 P.2d 587, *review denied*, 87 Wn.2d 1005 (1976).

██ On the defense side, due diligence is not exercised when a defendant refuses to request a continuance to locate a needed witness. *State v. Jackman*, 113 Wn.2d 772, 781, 783 P.2d 580 (1989). Having made no request for a chance to find a witness, the defendant should not be allowed to argue that the trial court erred in denying him relief he did not ask for. *Id.* at 782.

Here, Mr. Marks did not list Ms. Steve as a witness. He made no effort to compel her testimony. And when the State asked for time to secure her presence, he opposed its efforts. This might well have been a tactical decision by Mr. Marks. We do not know. If it was, it was a solid one at that. After all, the State had Ms. Steve's confession, which implicated Mr. Marks. The court refused to admit that statement. Mr. Marks was therefore left without the burden of her confession, and with an instruction from the judge telling the jury that it could infer that her testimony would have been unfavorable to the State.

In any event, Mr. Marks helped to create the very situation he now complains of and we conclude he should not be permitted to benefit from it. *Jackman*, 113 Wn.2d at 782.

We reverse the order of the trial court granting Mr. Marks a new trial and reinstate the conviction for first degree theft.

KURTZ, A.C.J., concurs.

BROWN, J. (dissenting) — The reasons expressed by the

trial judge for granting a new trial are both reasonable and tenable, therefore not an abuse of discretion. This is not, as the State suggests, a case of invited error or jury misunderstanding inhering in the verdict. The trial judge decided, within his discretion, Mr. Marks and the State did not receive a fair trial. CrR 7.6(a)(8). Additionally, the judge acted within his discretion when deciding irregularity. CrR 7.6(a)(5). Consequently, a new trial was ordered for Mr. Marks. I would affirm.

## ADDITIONAL FACTS

The trial court said when deciding to grant a new trial:

> When I went back to the jury room, almost the entire jury unanimously asked me, "Where was Tommy Marks and where was Ms. Steve?" So, obviously, the missing witness instruction was taken by them to also include Tommy Marks, which was not the intent of the missing witness instruction. . . .
>
> . . . .
>
> I do not believe that the missing witness instruction, therefore was curative of the problem. It was not curative of the expectation that she would be here and she would give her testimony. This is an accomplice/conspiracy type of case. And absent some testimony from her, I believe that justice was not done, even though I attempted to try and cure that fault . . . .
>
> Put another way, I don't think either side had a fair trial, and it may very well have influenced the outcome of the jury; . . . I have thought about this from the moment that the verdict was rendered and I had the question, right afterwards, from the jury, what happened to both those people. I feel the only fair thing to do is to vacate the verdict and grant a new trial in this matter.

## ANALYSIS

A. Standard of Review. I have no quarrel with the majority reasoning about what the standard for review should be; however, the present standard for review of a grant of a new trial to a criminal defendant is long standing.

The trial judge, by his very presence, is in a favored posi-

tion. It has been reiterated in appeals from orders granting new trials in both civil and criminal cases that a much stronger showing is required to overturn an order granting the new trial than denying a new trial. The question is: Did the respondents have a fair trial? The trial judge thought that they did not. The question is not whether this court would have decided otherwise in the first instance, but whether the trial judge was justified in reaching his conclusion. In that respect, he has a very wide discretion.

*State v. Taylor*, 60 Wn.2d 32, 42, 371 P.2d 617 (1962) (cited with approval in *State v. Marks*, 71 Wn.2d 295, 302, 427 P.2d 1008 (1967)). A more recent case elaborates on the standard we are now bound to follow:

Pursuant to CrR 7.6(a)(8), a trial court may grant a new trial when "substantial justice has not been done." The decision to grant or deny a new trial will not be disturbed unless it constitutes a manifest abuse of discretion. *State v. Jackman*, 113 Wn.2d 772, 777, 783 P.2d 580 (1989); *State v. Crowell*, 92 Wn.2d 143, 145, 594 P.2d 905 (1979); *State v. Havens*, 70 Wn. App. 251, 255, 852 P.2d 1120 (1993). A much stronger showing of abuse of discretion is required to set aside an order granting a new trial than one denying it. *Crowell*, 92 Wn.2d at 145-46. An abuse of discretion exists unless it can realistically be said that "no reasonable person would take the position adopted by the trial court." *State v. Clapp*, 67 Wn. App. 263, 272, 834 P.2d 1101 (1992) (citing *State v. Huelett*, 92 Wn.2d 967, 603 P.2d 1258 (1979)), *review denied*, 121 Wn.2d 1020, 854 P.2d 42 (1993)).

*State v. Dawkins*, 71 Wn. App. 902, 906-07, 863 P.2d 124 (1993). The *Dawkins* expression of standard of review is an alternative and perhaps more accurate form to the classic formula:

Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

*State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d

775 (1971). *See State v. Scott*, 72 Wn. App. 207, 230, 866 P.2d 1258 (1993) (Forrest, J., dissenting), *aff'd sub nom. State v. Ritchie*, 126 Wn.2d 388, 894 P.2d 1308 (1995).

B. Missing Witness Instruction. The trial court implicitly admitted the failure to limit the missing witness instruction to Ms. Steve. Thus, the instruction, as given, was not properly tailored to the case facts and permitted the application of the law (a presumption) to create an incorrect adjudicative fact, that the absence of Tommy Marks should be held against Michael Marks. Additionally, both sides during opening statements argued Ms. Steve would appear and give favorable testimony supporting their case; the impact on Mr. Marks was therefore doubly prejudicial. Because the instruction was confusing, misleading, and more importantly in the reasonable view of the trial judge, unfair, it was part of the cumulative problems contributing to a failure of justice. What could be more compelling than the trial judge's assessment in the context of the whole case that the instruction was irregular and unfair?

The instruction, in any event, was not the core of the problem. It was, in the trial judge's view, not curative of the expectation created by both sides that Ms. Steve would appear and give her testimony. The court observed "absent some testimony from her, I believe justice was not done . . . ." Implicit in this statement is the court's recognition that it erred by not granting a continuance to secure the presence of Ms. Steve. Significant is the court's questioning the fairness of the trial *before* speaking with the jurors "from the moment that the verdict was rendered . . . ."

A trial court is required to give only "definite reasons of law and facts" to justify its order. CrR 7.6(d). "Objectively assessable reasons or facts must be set out so that meaningful appellate review of the exercise of discretion is possible." *State v. Williams*, 96 Wn.2d 215, 228, 634 P.2d 868 (1981). The trial court set out objective reasons and facts supporting his decision. They include (1) the failed expectation of appearance of a critical witness; (2) the injustice

absent the appearance of Ms. Steve; (3) the failed attempt to cure the failed expectation by giving the missing witness instruction without properly limiting its application; (4) the implicit error in not providing additional time to secure the critical witness; and (5) the jury confusion. The trial court's comments on the jury confusion merely reinforced his prior misgivings underlying his decision to declare a new trial.

C. Invited Error. The facts do not give rise to the legal doctrine of invited error and its application here. The doctrine "prohibits a party from setting up an error at trial and then complaining of it on appeal." *State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984); *State v. Wakefield*, 130 Wn.2d 464, 475, 925 P.2d 183 (1996). There is no allegation Mr. Marks was responsible for Ms. Steve's absence. This is not a case where the defendant has invited error by seeking a new trial based solely on an incorrect instruction it submitted. *See State v. Boyer*, 91 Wn.2d 342, 345, 588 P.2d 1151 (1979). Instead, this is a case where the trial court on its own initiative decided the case, taken as a whole, was unfair, including the instruction permitting improper and unintended presumptions to be drawn from the failure of witnesses to appear.

## CONCLUSION

Under the present alternative standards of review or under the standard suggested by the majority, even if an appellate judge would do differently, appellate judges are to focus on the trial judge's stated justification(s) when granting a new trial. Then we answer the critical questions related to our choice of the alternative standards of review: (1) whether "no reasonable person would take the position adopted by the trial court." *Dawkins*, 71 Wn. App. at 906-07; or (2) whether there has been "a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Junker*, 79 Wn.2d at 26. Because the objective reasons and facts stated and reasonably implied by the trial judge sup-

port his decision to grant a new trial, I answer the critical questions in favor of the trial judge, although preferring the later statement of the standard. The grounds stated are reasonable and tenable. The missing witness instruction was misleading under these facts and impermissibly allowed the application of a presumption to create an incorrect adjudicative fact. Further, invited error does not apply to bar the defendant a new trial because Mr. Marks was not responsible for the absence of the critical missing witness. Accordingly, I respectfully dissent.

Review denied at 136 Wn.2d 1024 (1998).