[No. 31730-3-II. Division Two. February 23, 2005.]

CARRIE MARVIK, *Respondent*, v. MARY WINKELMAN ET AL., *Appellants*.

*Carol J. Cooper* and *Edward S. Winskill* (of *Davies Pearson, P.C.*), for appellants.

*Charles J. Brocato*, for respondent.

¶1 HUNT, J. — Mary Winkelman, the defendant in a personal injury case, challenges the trial court's refusal either to correct a jury verdict or to grant her motion for a new trial after jurors indicated they had incorrectly completed the jury verdict form. Holding that the error on the verdict form did not inhere in the verdict, we reverse and remand for further proceedings.

## FACTS

¶2 Carrie Marvik was injured in an automobile accident with Mary Winkelman. Marvik sued for her injuries. Winkelman did not contest liability, and the damages issue went to a jury. After hearing testimony, the jury returned the following verdict form:

We, the jury, find for the Plaintiff in the following sums:

(1) for past economic damages        $21,290.72

(2) for future economic damages    $0

(3) for past and future non-economic damages   $21,290.72

DATED: March 3, 200[4]        [Signed by Presiding Juror]

Clerk's Papers (CP) at 5. The verdict form did not contain a line or space for the jury to record the total damages awarded. The record does not show whether the court polled the jury after reading the verdict form.

¶3  After the court discharged the jury, counsel from both sides spoke to the some of the jurors in the hallway outside the courtroom. When counsel commented that the jury had awarded identical amounts for both "past economic damages" and "past and future non-economic damages," the jurors told counsel that this was incorrect and that the *total* verdict was $21,290.72. *See* CP at 6.

¶4  The parties returned to the courtroom, and defense counsel asked the judicial assistant if the court could reconvene to address a problem with the verdict. The judicial assistant informed counsel that the matter would need to be addressed later.

¶5  At the presentment hearing, Winkelman submitted a proposed judgment for a total of $21,290.72 and a memorandum in opposition to Marvik's proposed $42,581.44 judgment. She argued that the verdict form contained a "clerical error." In support of her motion, she submitted declarations from the presiding juror and defense counsel.

¶6  In her declaration, the presiding juror verified the error, stating (1) she had mistakenly believed that the last space on the verdict form was for the *total* amount of the verdict; (2) the jury had intended to award $13,290.72 for medical bills as directed by the court; and (3) the balance the jury intended to award was $8,000.00 for all other damages.

¶7  In defense counsel's declaration, he recounted the discussion with the jurors in the hallway. He stated the other jurors were willing to certify that the verdict form was not correct but he was unable to obtain their statements because he had lost or misplaced their contact information.

Defense counsel requested a continuance in order to obtain these statements.

¶8 Marvik objected to (1) Winkelman's proposed judgment, arguing that the court lacked authority to make a substantive change to the verdict after the jury was dismissed; and (2) the declarations in support of Winkelman's motion, asserting they contained inadmissible hearsay. The trial court refused to strike the declarations, denied Winkelman's motion, and entered judgment against her for $42,581.44 plus taxable costs and attorney fees.

¶9 Winkelman moved for a new trial under CR 59(a), asserting irregularity or misconduct in the proceedings, specifically, that the verdict form contained a clerical error. She supported this motion with the same declarations she had used to support her prior motion.

¶10 Marvik opposed the motion and moved to strike the declarations. She argued that (1) defense counsel's declaration contained inadmissible hearsay, and (2) the presiding juror's declaration could not be used to impeach the verdict. Marvik did not contest the substance of the presiding juror's declaration.

¶11 The trial court determined that because there was no ambiguity in the verdict form, the presiding juror's error inhered in the verdict. The trial court denied Winkelman's motion for new trial, stating:

> I understand everybody's position, and I think this is one of those situations where if there was some sort of ambiguity on the face of the verdict form I'd be ruling for [defense counsel].
>
> But because it just goes to how the jurors read it, I think I have to deny it, because I think the case law is clear that the fact that jurors don't understand what their job is doesn't negate their verdict.

660

Report of Proceedings (RP) (Apr. 23, 2004) at 7-8. The court again denied Marvik's motion to strike the declarations. Winkelman appeals.[1]

## ANALYSIS

### I. MOTION TO CORRECT VERDICT

¶12 Winkelman first argues that the trial court erred in denying her motion to correct the verdict before the court entered judgment. We disagree.

¶13 After a trial court has discharged a jury,[2] the court may correct a verdict form only to conform to an actual jury finding if the verdict is "defective or erroneous in a mere matter of form, not affecting the merits or rights of the parties." *City Bond & Share, Inc. v. Klement*, 165 Wash. 408, 410, 5 P.2d 523 (1931); *see also Quarring v. Stratton*, 85 Wash. 333, 334, 148 P. 26 (1915). Such circumstances may arise where there are undisputed computation errors. *City Bond*, 165 Wash. at 411. Although under proper circumstances the court may amend the verdict to conform with the jury's intent, the court "has no power to supply substantial omissions," particularly where the portion of the verdict at issue relates to controverted issues of fact in the case. *City Bond*, 165 Wash. at 411.

¶14 Although the verdict here clearly *suggests* an error because the two damages amounts are identical, the damages were also the precise issues of fact the jury was required to resolve. Accordingly, the trial court did not err when it denied Winkelman's motion to correct the verdict.

### II. MOTION FOR NEW TRIAL

¶15 Winkelman next contends that the trial court erred when it denied her motion for a new trial. She argues that (1) the trial court erred in finding that it could not consider the presiding juror's mistake in completing the verdict form

---

[1] A commissioner of this court previously denied Marvik's motion to affirm on the merits.

[2] Although the record does not show precisely when the court discharged the jury, we presume that the jury was discharged before the jurors discussed the case with counsel.

61

because the mistake inhered in the verdict and (2) the declaration established that she is entitled to a new trial.

¶16 Marvik counters that the trial court did not err in refusing to consider Winkelman's declarations because the information in the declarations related to issues that inhered in the verdict.[3] She argues that the presiding juror's mistaken belief that the last line on the verdict form was for the total damages revealed (1) "not only her own mental processes but the mental processes of the jury in reaching its verdict," and (2) the presiding juror's intent and misunderstanding of the court's instructions. We disagree.

■■ ¶17 Generally, we will not reverse an order granting or denying a new trial " 'except for an abuse of discretion; this principle being subject to the limitation that, to the extent that such an order is predicated upon rulings as to the law, no element of discretion is involved.' " *Robinson v. Safeway Stores, Inc.*, 113 Wn.2d 154, 158, 776 P.2d 676 (1989) (quoting *Coleman v. George*, 62 Wn.2d 840, 841, 384 P.2d 871 (1963)). Here, the trial court's denial of a new trial turned on the question of whether the jury's completion of the verdict form inhered in the verdict, a question of law. The deference we ordinarily give a trial court's denial of a new trial does not apply when the trial court denies a new trial based on this issue of law. Therefore, we review the issue de novo. *Ayers v. Johnson & Johnson Baby Prods. Co.*, 117 Wn.2d 747, 768, 818 P.2d 1337 (1991).

■ ■ ¶18 Although many jurisdictions do not allow a juror to impeach a verdict, our State allows juror affidavits or declarations to impeach a verdict as long as the information provided does not relate to a factor that "inheres in the verdict."[4] *Gardner v. Malone*, 60 Wn.2d 836, 841, 376 P.2d 651(1962). Generally, a fact "inheres in the verdict" if it

---

[3] To the extent Marvik argues that the trial court erred when it refused to strike the declarations, we do not address this issue because Marvik did not cross-appeal.

[4] The cases from other jurisdictions that Marvik cites are inapposite because those states' rules of evidence specifically prohibit jury impeachment of the verdict by affidavit. *Stewart v. Rice*, 47 P.3d 316 (Colo. 2002) (citing Colorado Rules of Evidence, Rule 606(b), and holding that juror affidavits could not be considered in

"relates to the effect of evidence or events upon the mind of a juror, or is directly associated with the juror's reasons, intent, motive, or belief, when *reaching* the verdict." 58 AM. JUR. 2D *New Trials* § 421 (2002) (emphasis added) (footnotes omitted); *see also Gardner*, 60 Wn.2d at 841. We agree that the portion of the presiding juror's declaration that relates to how the jury arrived at damages of $21,290.72 inheres in the verdict.[5]

■ ¶19 But the portion of the declaration that relates solely to whether the presiding juror correctly filled out the verdict form poses a different issue. Whether the presiding juror correctly *recorded and communicated* the jury's verdict does not relate to how or why the jury *reached* its verdict. Thus, this fact does not inhere in the verdict, and the trial court erred when it refused to consider this limited aspect of the presiding juror's declaration.

¶20 Nor do the cases Marvik cites persuade us otherwise. In these cases, the juror affidavits or declarations related to (1) whether the jury properly followed the court's instructions in reaching its verdict, *Ayers*, 117 Wn.2d at 769; (2) what evidence the jury considered and its reasoning behind a specific damages award, *Cox v. Charles Wright Acad., Inc.*, 70 Wn.2d 173, 179-80, 422 P.2d 515 (1967); (3) the subjective effect of juror misconduct on the jury's decision, *Gardner*, 60 Wn.2d at 842-43; (4) the potential misapplication of a missing witness instruction during deliberations, *State v. Marks*, 90 Wn. App. 980, 985-86, 955 P.2d 406, *review denied*, 136 Wn.2d 1024 (1998); and (5) whether the jury's calculation of the plaintiff's percentage

case where jury may have improperly filled out verdict form because the issue did not fall under any of the two specific exceptions to the limitation on use of juror affidavits to invalidate a verdict stated in court rules); *Cyr v. Michaud*, 454 A.2d 1376 (Me. 1983) (citing Maine Rules of Evidence, Rule 606(b)). In both instances, the states' court rules were modeled on Federal Rule 606(b) and included language placing specific limits on the use of juror affidavits not present in our Evidence Rule 606, which is limited to the issue of the competency of a juror as a witness.

[5] The juror stated: "The jury made a decision of a total verdict for the plaintiff in the amount of $21,290.72. *This included the $13,290.72 for medical bills that the court directed us to include in the verdict. The balance of the $21,290.72 was for all other damages.*" CP at 13 (emphasis added).

of contributory negligence accurately reflected the jury's intent, *Kitt v. Yakima County*, 23 Wn. App. 548, 553, 596 P.2d 314 (1979), *rev'd on other grounds*, 93 Wn.2d 670, 611 P.2d 1234 (1980). In each of these cases, the challenged juror affidavits related to the process by which the jury reached a verdict, its reasoning behind the verdict, or the subjective effect of juror misconduct on the jury's decision.

¶21 Here, in contrast, the critical issue was whether the jury foreperson properly completed the verdict form to reflect the jury's verdict accurately. The jury foreperson's declaration did not reflect how or why the jury made its particular damages determination. Rather, it explained how she had unwittingly miscommunicated the jury's actual verdict to the court when she entered $21,290.72 a second time on the verdict form: She mistakenly thought that she was supposed to enter the jury's total verdict, not realizing the court might misinterpret the second entry as doubling the jury's damages award.

¶22 The next issue is whether the allowable portions of the presiding juror's uncontroverted declaration are sufficient to justify a new damages trial. Under CR 59(a)(1), a trial court may vacate a verdict and conduct a new trial if an irregularity in the proceedings of the jury prevented the moving party from receiving a fair trial and materially affected the party's substantial rights. The clerical error in the jury verdict form exposed Winkelman to twice the damages the jury intended; thus, it clearly affected her substantial rights.[6] Because Marvik did not contest the substance of the declaration, which clearly shows an irregularity in the verdict, the trial court should have granted Winkelman's motion for a new trial. Accordingly, we reverse

---

[6] Even if the presiding juror's error on the verdict form did not amount to an "irregularity in the proceedings," Winkelman could clearly establish that being exposed to a judgment twice the amount the jury intended entitled to her a new trial under CR 59(a)(9), which provides that a court may grant a new trial when "substantial justice has not been done."

the trial court's denial of the motion for new trial and remand for a new damages trial.

QUINN-BRINTNALL, C.J., and VAN DEREN, J., concur.